United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-50440

In the Matter of:
STEPHEN CLYDE MARTIN and SUSAN GAYLE MARTIN,
Debtors.

STEVEN CLYDE MARTIN,
SUSAN GAYLE MARTIN,

Appellants,

versus

SANDERSON FARMS, INC.;
FARMERS STATE BANK;
JAMES STUDENSKY, Chapter
Seven Trustee,

Appellees.

Appeals from the United States District Court
for the Western District of Texas
(No. 6:05-CV-7)

Before DAVIS and STEWART, Circuit Judges, and GODBEY, District Judge.[*]

PER CURIAM:[**]

Debtors appeal pro se from multiple orders of the bankruptcy court. We dismiss many of the

Appellants' claims on procedural grounds and affirm the district court.

---

[*]District Judge for the Northern District of Texas, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2003, Steven Martin and Susan Martin filed for voluntary Chapter 7 bankruptcy. On the same day, they filed their schedules of assets and liabilities. The schedule of assets included a potential cause of action against Sanderson Farms, Inc. ("Sanderson") and/or Farmers State Bank ("Farmers State"), valued at $0. This potential cause of action arose from a series of agreements between Sanderson and Farmers State for the Martins to construct egg hatching barns for Sanderson with financing from Farmers State and for Susan Martin to work as a hatching egg producer. The Martins alleged fraud, deceptive trade, breach of contract, and other causes of action in a suit against Sanderson and Farmers State filed in Texas in 2002; the case was non-suited on November 18, 2003, because of the presence of a mandatory arbitration clause in the contracts between Sanderson, Farmers State, and the Martins. The Martins did not pursue arbitration to completion. The bankruptcy court lifted the automatic stay against Farmers State, a creditor of the Martins, on September 3, 2003.

The Trustee, James Studensky, objected to the schedules, and on September 23, 2003, the Martins filed an amended schedule that listed the potential cause of action as having an unknown value. The Martins did not attempt to exempt the cause of action in either their initial or amended schedule. The bankruptcy court granted the Martins a discharge on October 27, 2003. In September 2004, the Trustee filed a motion in bankruptcy court to compromise the Martins's claims against Farmers State Bank. The Martins objected to this motion and filed several of their own motions, including a motion to avoid fraudulent transfer, a motion to declare themselves "persons aggrieved," a motion to avoid lifting the stay against Farmers State, and motions for fines and sanctions against Sanderson and Farmers State. The bankruptcy court, after conducting a fact-finding hearing, granted

2

the Trustee's motion to compromise on November 18, 2004, specifically noting that none of the Martins's claims against Sanderson were effected by the order. The judge also denied all of the Martins's motions except for their motion to declare themselves persons aggrieved.

The Martins appealed these unfavorable determinations in a single notice of appeal to the district court. While the district court was considering the Martins's appeal, the Trustee filed a motion in district court to compromise the Martins's claims against Sanderson. On February 2, 2005, the bankruptcy court entered an interim order on the motion to compromise, setting a hearing date and a bidding deadline. The Martins then filed a notice of appeal of the interim order with the district court, amending their initial notice of appeal to include the interim order as well. The district court dismissed the appeal of the interim order on the motion of the Trustee and directed the bankruptcy court to proceed with its consideration of the Trustee's motion. The Martins appealed the dismissal, commencing their appeal before this court on March 18, 2005. The district court then affirmed all of the orders entered by the bankruptcy court on November 18, 2005, adopting the factual findings of the bankruptcy court as well. The Martins then amended their notice of appeal with this court to include all of the motions that the district court upheld.

The Martins filed a motion in the district court, asking to be allowed to proceed in forma pauperis, which the district court denied. The Martins then filed a similar motion in this court, which was also denied.

The bankruptcy court, in the meantime, continued its consideration of the Trustee's motion to compromise the Martins's claims against Sanderson. The bankruptcy court approved the compromise on May 20, 2005. The debtors then filed a second amended notice of appeal with this court, adding the bankruptcy court's order approving the compromise with Sanderson. On May 27,

3

2005, Sanderson filed a timely motion in the bankruptcy court to vacate the May 20, 2007 order to correct a misstatement of fact under Fed. R. Civ. P. 59(e) and Bankruptcy Rule 9023. That motion is still pending in the bankruptcy court.

## II. DISCUSSION

Generally, in a bankruptcy appeal, we apply the same standard of review to the bankruptcy court's decision as applied by the district court. *E.g., In re Amco Ins.*, 444 F.3d 690, 694 (5th Cir. 2006). Findings of fact are reviewed for clear error, and legal conclusions are reviewed de novo. *Id.* When reviewing the approval of a motion to compromise, this court reviews for abuse of discretion. *In re Aweco, Inc.*, 725 F.2d 293, 297 (5th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 599, 602-03 (5th Cir. 1980). A bankruptcy court's lift of an automatic stay is also reviewed for abuse of discretion. *In re Chunn*, 106 F.3d 1239, 1242 (5th Cir. 1997).

A.

We must initially resolve, however, what issues are properly raised in this appeal. In bankruptcy appeals, appellants are required to file a statement of the issues to be presented in the appeal separate from the notice of appeal. Fed. R. Bankr. P. 8006. If an issue is not included in this statement, even if it was raised in and decided by the bankruptcy court, it is not preserved for appeal and is waived. *In re GGM, P.C.*, 165 F.3d 1026, 1032 (5th Cir. 1999). The Martins did not include any mention of their motions for fines and sanctions against Farmers Bank and Sanderson in their Fed. R. Bankr. P. 8006 notice; accordingly, they waived the right to appeal the bankruptcy court's denial of these motions.

Additionally, we will not consider any issues on appeal that were not raised before the bankruptcy court. *In re Ginther Trusts*, 238 F.3d 686, 689 & n.3 (5th Cir. 2001). The Martins raise

4

many issues in their brief, including challenges to the composition of the chicken feed provided by Sanderson and the use of cell phones in courthouses, that were not decided by the bankruptcy court. We do not consider any of these issues in this appeal. All additional claims made by the Martins that are not separately considered below are dismissed because they were not raised before the bankruptcy court and/or they were not included in the debtors' Fed. R. Bankr. P. 8006 notice.

B.

We also must consider our jurisdiction to hear this appeal. Our jurisdiction stems from 28 U.S.C. § 158(d), allowing us to review bankruptcy determinations of either a district court sitting as an appeals court or a bankruptcy appellate panel. We do not have jurisdiction over appeals from the bankruptcy court or district court when certain post-judgment motions have been filed, including timely motions to amend under Fed. R. Bankr. P. 9023. Fed. R. Bankr. P. 8002(b); *see also In re Transtexas Gas Corp.*, 303 F.3d 571, 579 (5th Cir. 2002). Therefore, we dismiss the Martins's appeal from the bankruptcy court's May 20, 2005 order to compromise the claims of Sanderson for lack of jurisdiction. The motion was never considered by either a district court sitting as an appeals court or a bankruptcy appellate panel, and the Martins did not seek leave to appeal under 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8003. Additionally, Sanderson filed a timely motion to amend the judgment, depriving any appellate court of jurisdiction under Fed. R. Bankr. P. 8002(b).[1]

We also dismiss the Martins's appeal from the denial of their motion to vacate the lift of the stay against Farmers State for being untimely. Any appeal of the bankruptcy court's lift of the stay

---

[1]We also dismiss the Martins's appeal from the February 2, 2005 order of the bankruptcy court setting a hearing on the Trustee's motion to compromise the claims against Sanderson because that appeal was not from a final order and that order is now moot in light of the bankruptcy court's May 20th order. Accordingly, the joint motion of the Trustee and Sanderson to dismiss the appeal of this order is granted.

5

must have been filed within ten days in order to be timely. Fed. R. Bankr. P. 8002(a). The stay was lifted on September 3, 2003, and the Martins's did not request relief from this order until October 13, 2004, and did not file an appeal with the district court until November 29, 2004. Therefore, the Martins's motion was untimely, and the order lifting the stay had become final and unappealable.

We also dismiss as moot the Martins's appeal from the district court's denial of their motion to proceed in forma pauperis in this appeal. This court has already considered and denied that motion, and regardless, the appeal is now being considered on its merits despite any possible deficiencies in the payment of fees.

C.

The Martins's appeal the district court's determination that the bankruptcy court was correct that they did not have standing to file a motion to void fraudulent transfers. The Martins did not move to void the transfer under 11 U.S.C. § 522, which grants debtors limited rights to avoid certain liens on exempted property, an issue that is not raised here where the Martins did not exempt their causes of action against Farmers Bank and Sanderson. Instead, the Martins relied on 11 U.S.C. §§ 544, 547(b), 548(a), & 550, which by their terms apply to only the Trustee. While creditors may in some limited circumstances have the right to bring these actions, *see In re Dierschke*, 975 F.2d 181, 182 n.3 (5th Cir. 1992); *In re Natchez Corp. of W. Va.*, 953 F.2d 184, 187 (5th Cir. 1992) (holding that if a creditor seeks authorization from the bankruptcy court, there may be circumstances where a creditor is entitled to bring an action under 11 U.S.C. § 549); *see also In re Porras*, 312 B.R. 81, 94 (W.D. Tex. Bankr. 2004) (holding that in some circumstances a fraudulent conveyance action may not "belong" to the estate exclusively), this case does not embody any of those circumstances. We

6

affirm the determinations of the district court and the bankruptcy court on the Martins's motion to void fraudulent transfers.

Finally, we must consider the Martins's appeal from the motion to compromise the claims with Farmers State, approved by the bankruptcy court on November 18, 2004, and approved by the district court on appeal on April 25, 2005. Section 541 of the Bankruptcy Code creates, upon the filing of bankruptcy, an estate that consists of "all legal or equitable interests of the debtor in property as of the commencement of the case," including causes of action that belong to the debtor at the time the case is filed. *E.g., In re Swift*, 129 F.3d 792, 795 (5th Cir. 1995). The Martins included their possible causes of action against Farmers State and Sanderson on their schedules, and they did not attempt to exempt these causes of action.

When reviewing a bankruptcy court's approval of a compromise, the appellate court should "assure that [the] compromise is truly 'fair and equitable' and 'in the best interest of the estate.'" *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968) [hereinafter *TMT Trailer*]). This assurance comes from seeing that the bankruptcy judge was apprised of all the relevant facts to compare the possible rewards of litigation with the terms of the compromise. *Id.* The court should set forth its findings on "(1) the probability of success in the litigation . . . (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise." *Id.* (citing *TMT Trailer*, 390 U.S. at 424-25). Having reviewed the bankruptcy court's order approving the compromise after

conducting a fact-finding hearing, we find no abuse of discretion in his approval of the compromise of those claims that belonged to the estate.[2]

The Martins also challenge the compromise on the basis that it takes from them the right to file lawsuits against Farmers State Bank that might arise in the future. The motion to compromise seeks to settle claims "that the Bankruptcy Estate has against Farmers State Bank." The only claims belonging to the estate are those that had accrued at the time of the Martins's bankruptcy petition. *See, e.g., In re Educators Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994) ("Whether a particular state cause of action belongs to the estate depends on whether under applicable . . . law the debtor could have raised the claim as of the commencement of the case."); *see also Swift*, 129 F.3d 792. We find no abuse of discretion in the lower courts' approval of the compromise.

### III. CONCLUSION

We affirm the judgment of the district court. Additionally, we grant the joint motion of the Trustee and Sanderson to dismiss the appeal of the interim order and deny the joint motion of the Trustee and Farmers State to dismiss the appeal of the motion to compromise.

---

[2]The joint motion by the Trustee and Farmers State to dismiss this portion of the appeal is denied.

8