# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30535

United States Court of Appeals
Fifth Circuit

**FILED**
May 13, 2019

Lyle W. Cayce
Clerk

In the Matter of:  SHARON BOYD RILEY

> Debtor

---------------------------------------------------

THOMAS C. MCBRIDE; MCBRIDE LAW FIRM; THOMAS C. MCBRIDE, L.L.C.; JOSEPH MOORE; E. ORUM YOUNG LAW, L.L.C.,

> Appellants

v.

SHARON BOYD RILEY; JON C. THORNBURG; E. EUGENE HASTINGS,

> Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before REAVLEY, ELROD and WILLETT, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

This appeal concerns a dispute between the Bankruptcy Court for the Western District of Louisiana and Chapter 13 debtor's attorneys in that district, with two Chapter 13 trustees representing the position of the bankruptcy court.  That dispute involves no-money-down business models, wherein the debtor's attorney agrees to advance the costs of filing fees, credit counseling course fees, and credit report fees on behalf of the debtor.  The appellants contend that when they request their compensation under the

No. 18-30535

bankruptcy court's "no-look fee" arrangement, those three fees should be reimbursable outside of (and in addition to) the permissible no-look fee amount. The bankruptcy court disagreed, concluding that those fees are not only non-reimbursable under the district's no-look fee order, but also that by statute they could never be reimbursed at all. Appellants challenge the bankruptcy court's interpretation of statute and of its own standing order. Holding that the bankruptcy court did not err in interpreting its own standing order on no-look fee compensation, but that it did err in its conclusion that bankruptcy courts lack the discretion to ever award reimbursement of those fees, we AFFIRM in part and VACATE in part.

## I.

## A.

Generally speaking, debtor's attorneys seek to have their compensation categorized as an "administrative expense" of the bankrupt estate under 11 U.S.C. § 503. If so categorized, they receive priority in receiving payment from the estate second only to domestic support obligations. *See* 11 U.S.C. § 507(a).

Chapter 13 bankruptcy enables individuals with regular income to develop a plan to repay their debts. *See generally* 11 U.S.C. §§ 1301–30. There are effectively two ways that a Chapter 13 debtor's attorney representing an individual can have the payments owed to them categorized as an administrative expense: (1) if the payments are necessary expenses to preserve the estate under § 503(b)(1); or (2) if the payments are compensation or reimbursement under § 503(b)(2) (which links to 11 U.S.C. § 330(a), which, in turn, under § 330(a)(4)(B), permits "reasonable compensation" for attorneys based on services rendered).

The default process for determining how much compensation for debtor's counsel is reasonable—and thus how much will be given collection priority as an "administrative expense" of the estate—is a formal fee application with a

2

No. 18-30535

detailed statement of services rendered and expenses incurred. *See* Federal Rule of Bankruptcy Procedure 2016(a). However, to fast-track that process for routine cases, most bankruptcy courts have instituted local rules which establish the parameters for requesting the "no-look" payment of attorney's fees. Though the details vary by bankruptcy court, the no-look fee option generally says that if debtor's counsel charges no more than a given amount for a given case, the attorney's fee will be treated as presumptively reasonable under § 330(a), with no need to provide a detailed accounting unless the request is challenged. *See* 1 Bankruptcy Law Manual § 4:40 (5th ed.) (Dec. 2018 update). This court has approved the practice of bankruptcy courts implementing no-look fee options for compensating debtor's counsel. *See In re Cahill,* 428 F.3d 536, 540–42 (5th Cir. 2005).

B.

The Bankruptcy Court for the Western District of Louisiana has a standing order governing such no-look fees for Chapter 13 actions. Prior to February 2017, that standing order explicitly stated that any advances made by debtor's counsel for pre-filing expenses were accounted for in the no-look fee amount and therefore not separately reimbursable. In February 2017, that standing order was amended in a variety of ways. Pertinent to this appeal, the February 2017 order no longer included the provision specifying that pre-filing expenses advanced by debtor's counsel were not separately reimbursable against the estate.

Appellant Thomas McBride represents Sharon Riley as debtor's counsel in a Chapter 13 action in the Western District of Louisiana. On February 2, 2017—the day after the new standing order went into effect—McBride entered into a no-money-down arrangement with Riley, wherein she agreed to pay him $2,150.00 for his legal services and an additional $367.00 for advancing the costs of the filing fee, credit counseling fee, and a credit report fee. McBride

No. 18-30535

paid those fees, then—along with other debtor's counsel in the district[1]—requested reimbursement under the no-look fee system (separate from, and in addition to, the permissible no-look fee).

A Chapter 13 trustee for the district sought clarification from the bankruptcy court as to whether those three fees were now separately reimbursable as administrative expenses of the estate under the no-look fee system. The bankruptcy court held a hearing on the matter in April 2017, and, in September 2017, it issued an order holding that those fees were not separately reimbursable under the new standing order. The bankruptcy court rejected McBride's argument that the new standing order now permitted separate reimbursement of those fees, and it rejected McBride's argument that reimbursement of those fees was mandatory under 11 U.S.C. § 503(b)(1) as expenses necessary to preserve the estate. However, the bankruptcy court then went a step further and stated that even if McBride's application were construed to be a formal fee application (rather than the no-look fee request that it was), the filing fee, credit counseling fee, and credit report fee could never be reimbursable as compensation under § 330(a).

The bankruptcy court's order denied similar requests in eighteen other cases pending in the district at the time. McBride, joined by debtor's counsel from two of the eighteen other cases, appealed the bankruptcy court's decision to the district court. The district court adopted the reasoning of the bankruptcy court and affirmed its judgment.

On appeal to this court, McBride and co-appellants repeat the arguments that they made before the district court. Two Chapter 13 trustees from the Western District of Louisiana are technically the appellees in this case;

---

[1] The bankruptcy court noted that McBride effectively became the spokesperson for the debtor's counsel bar in that district, as they all adopted and repeated his argument when requesting reimbursement of these fees in their own cases.

No. 18-30535

however, their brief generally summarizes the points articulated by the bankruptcy court in its original order.[2]  After oral argument, we asked the acting U.S. Trustee for Region 5 whether he took a position on the issues raised in this case, and his brief in response indicated agreement with the bankruptcy court and the Chapter 13 trustees.[3]

## II.

When a district court reviews a bankruptcy court's decision, we review the district court's decision by applying the same standards that were applied by the district court.  *In re Scopac*, 624 F.3d 274, 279–80 (5th Cir. 2010).  We generally review the award of attorney's fees for abuse of discretion.  *In re Coho Energy Inc.*, 395 F.3d 198, 204 (5th Cir. 2004).  However, the legal conclusions underlying a determination of attorney's fees are reviewed *de novo*.  *Id.*  When we review a bankruptcy court's interpretation of its own orders, purely legal questions are reviewed *de novo*.  *In re Nat'l Gypsum Co.*, 219 F.3d 478, 484 (5th Cir. 2000).  As such, the parties agree that the standard of review for all issues in this appeal is *de novo*.

## III.

On appeal, McBride argues that the bankruptcy court and district court committed legal error in three ways: (1) by concluding that the fees are not reimbursable under the February 2017 no-look fee standing order; (2) by

---

[2] Because the points made by the appellees in their briefs on appeal—as well as those made by the district court in its judgment—are essentially re-assertions of the points made in the bankruptcy court's order, though with less analytical depth and rigor, this opinion is written to respond to the issues as articulated by the bankruptcy court's order.

[3] The acting U.S. Trustee's brief generally supports those of the Chapter 13 trustees and aligns with the conclusions reached by the bankruptcy court and district court.  However, if taken at face value, the U.S. Trustee's brief appears to go even further and assert that debtor's counsel may never be reimbursed for *any* expense whatsoever—a conclusion not reached by any other party and affirmatively rejected by the bankruptcy court.  For the reasons discussed *infra*, we similarly reject that argument.

No. 18-30535

concluding that the fees are not reimbursable as necessary expenses to preserve the estate under 11 U.S.C. § 503(b)(1); and (3) by concluding that the fees could never be reimbursable as compensation under 11 U.S.C. §§ 503(b)(2) and 330(a).  We address each argument in turn.

A.

First, we will address the argument that the February 2017 no-look fee standing order entitles debtor's counsel to reimbursement of those fees.  Prior to February 2017, the Western District of Louisiana's standing order on no-look fees explicitly stated that any advances made by debtor's counsel for filing fees or other pre-filing expenses were not separately reimbursable.  In February 2017, that standing order was revised and the new version no longer specifically stated whether advances made by debtor's counsel were separately reimbursable.  Notwithstanding that silence, the bankruptcy court interpreted its revised standing order to hold that any advances made by debtor's counsel (with one explicit exception) remained accounted for under the pre-approved no-look fee amount and were not separately reimbursable.

The bankruptcy court's conclusion rested on the assertion that the purpose of the no-look fee option is to simplify the compensation process for debtor's counsel in routine cases by removing the requirement to submit detailed reports of services rendered and expenses incurred.  Furthermore, the bankruptcy court noted that the February 2017 standing order lists one, and only one, expense for which debtor's attorneys seeking no-look fee compensation could be reimbursed above and beyond the no-look fee amount—the postage costs for service of the motion to modify the plan.

McBride challenges the bankruptcy court's interpretation of its standing order by arguing that silence should not bar the reimbursement of additional fees, and that, to the extent the standing order represents an agreement

6

between the bar and bench, it is improper to construe ambiguities against the party that did not draft the document.

We hold the bankruptcy court's interpretation of its own standing order to be correct. The no-look fee option is an administrative creation of the bankruptcy court designed to quickly identify a level of debtor's counsel compensation that is presumptively reasonable and easy to administer. Given that purpose, it seems intuitive that silence on a given expense (particularly a routine expense) means that expense is supposed to be accounted for under the pre-approved no-look fee amount. That conclusion is bolstered by the fact that the standing order lists one specific example where expenses can be reimbursed above and beyond the no-look fee amount. And that conclusion is further supported by a catch-all paragraph at the end of the standing order stating that any request for compensation above the no-look fee amount must be made by a formal fee application.

As such, we affirm the decisions of the bankruptcy court and the district court holding that the February 2017 standing order does not entitle debtor's counsel seeking compensation under the Western District of Louisiana's no-look fee system to be reimbursed for advancing the costs of filing fees, credit counseling fees, and credit report fees separately from (and in addition to) the applicable no-look fee amount.

### B.

Next, we will address the argument that the fees are necessary costs of preserving the estate. 11 U.S.C. § 503(b) provides that "there shall be allowed administrative expenses . . . including— (1)(A) the actual, necessary costs and expenses of preserving the estate[.]"

Courts generally apply a two-prong test for determining whether a debt is an "administrative expense" necessary for preserving the estate. First, the debt must arise from a post-petition transaction with the estate, rather than a

transaction with the debtor personally; second, the goods or services received in exchange for the debt must directly benefit the estate. *See In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001); *In re TransAmerican Nat. Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992). The bankruptcy court held that the filing fees, credit counseling course fees, and credit report fees in this case fail both prongs.

Under the first prong of the test, the bankruptcy court held that the filing fees, credit counseling fees, and credit report fees are all personal, pre-petition obligations of the debtor. For the filing fees, the bankruptcy court's decision referenced 28 U.S.C. § 1930(a), which states that the filing fees must be paid by "[t]he parties commencing a case[.]" As support, the bankruptcy court cited an opinion from the Bankruptcy Court for the Southern District of Georgia. *See In re Frazier*, 569 B.R. 361, 367 (Bankr. S.D. Ga. 2017) ("[T]he obligation to pay the filing fee under 28 U.S.C. § 1930 is not an obligation of the estate. Rather, 28 U.S.C. § 1930, requires the party commencing a bankruptcy case (here, the Debtor) to pay the appropriate filing fee."). For the credit counseling fees, the bankruptcy court's decision pointed to 11 U.S.C. § 109(h), which states that individuals are not eligible to be a debtor until they have received credit counseling. As to the credit report fees, the bankruptcy court's decision observed that credit reports are not a statutory requirement to file for Chapter 13; rather, practitioners often obtain credit reports as a matter of convenience, to assist in compiling the list of assets and liabilities that the debtor is responsible for providing under 11 U.S.C. § 521(a). Thus, the bankruptcy court held that the first two fees were pre-petition obligations owed by Riley in her personal capacity, and that the credit report fee was not a necessary expense at all.

Under the second prong of the test, the bankruptcy court held that payment of those fees did not maintain or add to the value of the estate.

Instead, once again citing to *Frazier*, the bankruptcy court held that advancement of the filing fee merely fulfilled an administrative requirement for the bankruptcy proceeding and did not actually do anything to increase or maintain the value of the estate.

We agree with the bankruptcy court and the district court that the advances of the filing fee, credit counseling fee, and credit report fee by debtor's counsel in this case were not necessary expenses to preserve the estate under 11 U.S.C. § 503(b)(1).

That conclusion is abundantly clear for the credit report fee and the credit counseling fee. For the credit report fee, a credit report is not actually required by statute or regulation, so that fee is simply not a necessary expense. And for the credit counseling fee, 11 U.S.C. § 109(h) states that individuals are not even eligible to become debtors until they have completed the required credit counseling, so that fee is clearly personal and pre-petition under the first prong of the test. That leaves the filing fee; the filing fee requires more analysis, but, at least under the facts of this case, is also a pre-petition, personal expense of the debtor. 28 U.S.C. § 1930(a) imposes the duty to pay the filing fee on "[t]he parties commencing a case[.]" 11 U.S.C. § 301(a) says that the case commences with the filing of the petition. Federal Rule of Bankruptcy Procedure 1006(a) says that the petition shall be accompanied by the filing fee (unless waived or paid in installments, neither of which are applicable to this case). So the question becomes whether a payment due at the time the petition is filed should be considered pre- or post-petition. McBride's argument would be stronger if this were a case wherein the petition was filed under the installment option provided by Bankruptcy Rule 1006(b), and the payments were then made after the petition was filed. *But see Frazier*, 569 B.R. at 367 (holding that even under an installment plan, the obligation to pay is incurred pre-petition as a personal obligation of the debtor). However,

those are not the facts of this case.  In this case, McBride paid Riley's filing fee when he filed the petition, pursuant to a pre-petition agreement to advance those costs.  As such, the advancement of the filing fee in this case was clearly made to satisfy a personal, pre-petition obligation of the debtor, not to satisfy an obligation of the debtor's estate.

In addition, the second prong of the analysis—whether the expense was incurred as part of a transaction that directly benefitted the value of the estate—follows largely from the first.  Because payment of these fees only serves to fulfill the debtor's administrative obligations under the bankruptcy statutes (or, in the case of the credit report, is not necessary to fulfill those obligations at all), it does not maintain or add value to the assets that comprise the estate.  As such, those fees also fail the second analytical prong required for categorization as an "administrative expense" under § 503(b)(1).

We reject McBride's invitation to base our holding on an unpublished judgment from the Bankruptcy Court for the Western District of Virginia.  *See In re Stanley,* No. 11-bk-62125-LYN, Dkt. No. 23 (Bankr. W.D. Va. Nov. 8, 2011) (unpublished).  In *Stanley*, that court observed that a Chapter 13 action commences with the filing of the petition, not the payment of the filing fee; therefore, that court reasoned that if the payments for the filing fee were made after the petition was submitted, that fee could be a post-petition expense of the estate.  Furthermore, the *Stanley* court reasoned that because the case could be dismissed if the filing fee was not paid, the filing fee was a necessary expense of the estate.  However, like the bankruptcy court in this case, we disagree with the conclusion reached by the *Stanley* court.[4]

---

[4] Notably, even *Stanley*, the only case McBride cites as holding that the filing fee is a post-petition expense of the estate, also held that the credit counseling fee is a personal, pre-petition expense of the debtor.

No. 18-30535

For those reasons, we affirm the holdings of the bankruptcy court and district court that debtor's counsel in this case is not entitled to additional reimbursement for advancing the costs of the filing fees, credit counseling fees, and credit report fees as administrative expenses necessary for preserving the estate under 11 U.S.C. § 503(b)(1).

C.

Last, we address the argument that reimbursement of these fees could be permissible as attorney compensation. 11 U.S.C. § 503(b) provides that "there shall be allowed administrative expenses . . . including— . . . (2) compensation and reimbursement awarded under section 330(a) of this title[.]" 11 U.S.C. § 330(a)(4)(B) provides that "[i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor . . . based on a consideration of the benefit and necessity of such services to the debtor[.]"

After holding that debtor's counsel in the Western District of Louisiana was not entitled to separate reimbursement of those fees when they sought compensation under that district's no-look fee order, the bankruptcy court's decision went a step further, and held that debtor's counsel could never be reimbursed for advancing those costs, even if they requested compensation with a formal fee application, because such compensation was not permitted under 11 U.S.C. §§ 503(b) and 330. In other words, the bankruptcy court held that all bankruptcy courts lack the discretion to ever award debtor's counsel compensation that includes reimbursement for advancing the costs of those three fees. We reject that conclusion as a matter of statutory interpretation and vacate that portion of the judgment.

In support of its conclusion, the bankruptcy court's decision pointed out that the only provision of 11 U.S.C. § 330(a) to mention payments to debtor's

attorneys is § 330(a)(4)(B), which only mentions "reasonable compensation" and does not mention "reimbursement."[5]   The bankruptcy court's decision further noted that the Bankruptcy Reform Act of 1994[6] materially amended this section of the U.S. Code by removing debtor's counsel from the text now codified in § 330(a)(1), which does list persons for whom the "reimbursement" of expenses is explicitly permitted.   Nonetheless, relying heavily on *Frazier*, the bankruptcy court still held that it had the discretion to reimburse some attorney expenses as compensation.[7]   However, when it came to the reimbursement of filing fees (and presumably credit counseling fees and credit report fees),[8] the bankruptcy court held it lacked such discretion.   Explaining its conclusion, the bankruptcy court's decision cited *Frazier*:

> [T]he Court finds that the advance of a Chapter 13 debtor's filing fee is not properly reimbursable under 11 U.S.C. § 330(a). Pursuant to 28 U.S.C. § 1930, a debtor's filing fee is, in essence, his or her cost of admission. To allow a debtor's attorney to satisfy this obligation of the debtor and seek repayment as an administrative expense funded by the Trustee has the potential to push this cost onto creditors. Nothing in the Bankruptcy Code contemplates such treatment of the filing fee.

---

[5] The full text of 11 U.S.C. § 330(a)(4)(B) is as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

[6] Pub. L. No. 103-394, 108 Stat. 4106.

[7] The bankruptcy court here rejected a conclusion by the Bankruptcy Court for the Middle District of North Carolina, which concluded that the word "compensation" could never encompass the word "reimbursement."   *See In re Marotta*, 479 B.R. 681, 689–90 (Bankr. M.D.N.C. 2012).   We similarly reject that conclusion.

[8] The bankruptcy court's order does not explicitly mention the credit counseling and credit report fees in this portion of its analysis; however, the analytical treatment of those two claims would presumably follow the treatment of the filing fee in this regard.

*In re Riley*, 577 B.R. 497, 510 (Bankr. W.D. La. 2017) (quoting *Frazier*, 569 B.R. at 369–70).

Furthermore, the bankruptcy court's decision asserted that having the debtor's counsel advance the filing fees is not a necessity under § 330(a)(4)(B) because Bankruptcy Rule 1006(b) provides debtors with the ability to pay those fees in installments. The bankruptcy court observed that Bankruptcy Rule 1006(b)(2) gives bankruptcy courts discretion on whether to allow those installment payments—which, if permitted, would effectively be paid out of the debtor's estate to the detriment of other creditors. As such, the bankruptcy court's decision held that permitting the debtor's attorney to advance those fees and then collect them from the estate would "eviscerate" this rule and deprive bankruptcy courts of their discretion to determine when filing fee costs will be taken out of the estate to the detriment of other creditors.

We reject the bankruptcy court's conclusions on these points. 11 U.S.C. § 330(a)(4)(B) states that "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." The text vests the bankruptcy courts with discretion to determine what constitutes "reasonable compensation," and it requires that the courts base their decision on "the benefit and necessity of such services to the debtor and the other factors set forth in this section."

Given the discretionary nature of the language, we reject any argument that § 330(a)(4)(B) *compels* a bankruptcy court to find that debtor's counsel is always entitled to compensation from the estate for advancing the cost of the filing fee (or the other two fees). It is another question whether § 330(a)(4)(B) *permits* the reimbursement of the fees in question (as McBride contends) or *prohibits* them (as the bankruptcy court here contends). For the reasons below,

we conclude that § 330(a)(4)(B) permits bankruptcy courts to reimburse debtor's counsel for the costs of advancing such fees as reasonable compensation, but it does not require them to do so.

We start by noting that the plain meaning of "compensation" is broad enough that it would generally be understood to include reimbursement. *Compare Compensation*, Black's Law Dictionary (6th ed. 1990) (defining "compensation" as, *inter alia*, "indemnification" and "making whole") *with Reimburse*, Black's Law Dictionary (6th ed. 1990) (defining "reimburse" as, *inter alia*, "to indemnify, or make whole"). So we agree with both McBride and the bankruptcy court—and disagree with the *Marotta* court—that § 330(a)(4)(B) can permit the reimbursement of some expenses. But that leaves the question of whether it permits the reimbursement of filing fees, credit counseling fees, and credit report fees.

The bankruptcy court's primary basis for holding that filing fees cannot be reimbursed under § 330(a)(4)(B) is the assertion that "a debtor's filing fee is, in essence, his or her cost of admission. To allow a debtor's attorney to satisfy this obligation of the debtor and seek repayment as an administrative expense funded by the Trustee has the potential to push this cost onto creditors." *Riley*, 577 B.R. at 510 (quoting *Frazier*, 569 B.R. at 369–70). This reasoning appears to be derived from the analysis conducted to determine whether the filing fee was a necessary expense for preserving the estate under § 503(b)(1). The conclusion seems to be that because the filing fee is non-reimbursable under § 503(b)(1) due to being a personal, pre-petition obligation of the debtor, it must also be non-reimbursable under §§ 503(b)(2) and 330(a) for the same reason.

However, that reasoning overlooks a textual distinction between § 503(b)(1) and § 330(a)(4)(B). Section 503(b)(1) is limited to "expenses of preserving the estate[,]" and, as such, it makes sense that our caselaw imputes

a requirement that the expense be incurred in a post-petition transaction with the estate. *See, e.g.*, *Jack/Wade Drilling*, 258 F.3d at 387. However, § 330(a)(4)(B) says courts may allow compensation "for representing the interests of the debtor in connection with the bankruptcy case[.]" A filing fee (and the other two fees) are, by any ordinary understanding of the words, "interests of the debtor in connection with the bankruptcy case." As such, this section grants bankruptcy courts the discretion to authorize compensation to a Chapter 13 debtor's counsel even when the underlying activity fulfills a personal obligation of the debtor—such as advancing the cost of a filing fee— so long as that obligation is an interest of the debtor connected with the bankruptcy case. *See also In re Walsh*, 538 B.R. 466, 475 (Bankr. N.D. Ill. 2015) ("Congress plainly intended that counsel for a chapter 13 debtor could be compensated from the bankruptcy estate for services that provided a benefit to the debtor even though those services conferred no direct benefit upon the bankruptcy estate.").

We also reject the bankruptcy court's conclusion that permitting debtor's counsel to be reimbursed for advancing the cost of filing fees under § 330(a) would "eviscerate" the bankruptcy courts' discretion under Bankruptcy Rule 1006(b). The flaw in this conclusion is that it conflates permissibility with compulsion. The statute does not compel bankruptcy courts to find that advancing the filing fee is a reasonable expense which, if borne by the estate, would not unduly harm other creditors. That call remains within the discretion of each bankruptcy court, which is permitted—but not required—to authorize it for any given case.

Therefore, we hold that 11 U.S.C. §§ 503(b) and 330 provide bankruptcy courts with the discretion to compensate debtor's counsel for advancing the costs of filing fees, credit counseling fees, and credit report fees if they choose

No. 18-30535

to do so, and we vacate the holdings of the bankruptcy court and district court to the contrary.[9]

* * *

The holdings of the bankruptcy court and the district court that debtor's counsel in this case are not entitled to reimbursement for advancing the costs of the filing fees, credit counseling fees, and credit report fees under the Western District of Louisiana's February 2017 no-look fee standing order or as expenses necessary to preserve the estate under 11 U.S.C. § 503(a) are AFFIRMED. However, the holdings of the bankruptcy court and the district court that bankruptcy courts lack the discretion to ever award debtor's counsel the reimbursement of such expenses as reasonable compensation under 11 U.S.C. §§ 503(b) and 330 are VACATED.

---

[9] Although not determinative in answering this question, we note that the bankruptcy court's contrary conclusion, if affirmed by this court, would invalidate the local rules of several other bankruptcy courts within this circuit, which do exercise their discretion to authorize the separate reimbursement of some or all of the fees in question. *See, e.g.*, Bankruptcy Court for the Southern District of Texas, *Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement (Standard Case)* at 2 (effective Dec. 1, 2017), https://www.txs.uscourts.gov/sites/txs/files/2017StandardFixedFee_standard%20with %20changes%20on%20November%2029%20-%20FINAL.pdf (standard form authorizing separate reimbursement of the filing fee); Bankruptcy Court for the Northern District of Texas, *Standing Order Concerning All Chapter 13 Cases, General Order 2017-01* at 18 (effective Jul. 1, 2017), https://www.txnb.uscourts.gov/sites/txnb/files/general-ordes/General Order2017.01StandingOrderConcerningAllChapter13Cases.pdf (authorizing separate reimbursement of filing fees and credit report fees); Bankruptcy Courts for the Northern and Southern Districts of Mississippi, *Amended Standing Order Regarding Use of "No-Look" Fee in Awarding Reasonable Compensation and Reimbursable Expenses to Attorneys of Debtors in Chapter 13 Cases, Standing Order 2018-06* at 1–2 (effective Jan. 1, 2019) http://www .mssb.uscourts.gov/media/51320/2018-06_ch-13_nolookfee_eff_01-01-2019.pdf (authorizing separate reimbursement of filing fees, credit counseling fees, and credit report fees).