# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2022

Lyle W. Cayce
Clerk

No. 20-10885

IN THE MATTER OF: PFO GLOBAL, INCORPORATED

*Debtor*,

VSP LABS, INCORPORATED, *Creditor and Movant*,

*Appellant*,

*versus*

HILLAIR CAPITAL INVESTMENTS, L.P., *Interested Party and Respondent*; HILLAIR CAPITAL MANAGEMENT, L.L.C., *Interested Party and Respondent*,

*Appellees*,

_____

IN THE MATTER OF: PFO GLOBAL, INCORPORATED

*Debtor*,

VSP LABS, INCORPORATED, *Creditor and Movant*,

*Appellant*,

*versus*

HILLAIR CAPITAL INVESTMENTS, L.P., HILLAIR CAPITAL MANAGEMENT, L.L.C.

*Appellees*,

No. 20-10885

_____

IN THE MATTER OF: PFO GLOBAL, INCORPORATED

*Debtor*,

VSP LABS, INCORPORATED, *Creditor and Movant*,

*Appellant*,

*versus*

HILLAIR CAPITAL INVESTMENTS, L.P., *Interested Party and Respondent*; HILLAIR CAPITAL MANAGEMENT, L.L.C

*Appellees*,

_____

IN THE MATTER OF: PFO GLOBAL, INCORPORATED

*Debtor*,

VSP LABS, INCORPORATED,

*Appellant*,

*versus*

HILLAIR CAPITAL INVESTMENTS, L.P., HILLAIR CAPITAL MANAGEMENT, L.L.C.

*Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1575
USDC No. 3:19-CV-1576
USDC No. 3:19-CV-1603

_____

No. 20-10885

USDC No. 3:20-CV-47
USDC No. 3:19-CV-2525

_____

Before HIGGINBOTHAM, WILLETT, and DUNCAN, *Circuit Judges*.

PATRICK E. HIGGINBOTHAM, *Circuit Judge*:

These consolidated cases arise out of the bankruptcy of Pro Fix Optix ("PFO") and a dispute over the validity and scope of the bankruptcy court's orders prohibiting one non-debtor, VSP Labs, Inc., from asserting claims against two other non-debtors, Hillair Capital Investments L.P. and Hillair Capital Management L.L.C. The district court affirmed the orders of the bankruptcy court and VSP appealed to this Court. We affirm.

**I.**

In 2012, PFO and VSP entered an agreement for PFO to develop and transfer eyewear technology to VSP over four years. Under the agreement, VSP had the right to step in and take over development if PFO did not meet performance milestones, with PFO responsible for reimbursing VSP for costs incurred. VSP claims that PFO failed to meet several milestones, leading VSP to step in, but PFO did not reimburse VSP for the resulting expenses. VSP filed suit against PFO in California state court in 2013 (the "California Action"), asserting claims for breach of contract and seeking declaratory relief. PFO filed counterclaims. The California Action was scheduled for trial in March 2017.

In January 2017, PFO filed for bankruptcy under Chapter 11 in the Northern District of Texas. The resulting automatic stay paused the California Action. Shortly after PFO filed its petition, the bankruptcy court approved an asset purchase agreement between PFO and its largest pre-petition lender, Hillair, transferring PFO's counterclaims against VSP in the California Action to Hillair.

No. 20-10885

Seeking to escape the stay, Hillair asked the California court to sever its newly acquired counterclaims, and VSP then moved for relief from the automatic stay to offset PFO's counterclaims in the California Action.

Responding to VSP's motion, the bankruptcy court entered a Lift Stay Order on September 7, 2017, which reads:

> The automatic stay is modified . . . so that VSP Labs, Inc. may liquidate the amount of its affirmative claims against Pro Fit Optix, Inc. ("PFO") for the purpose of asserting its rights to setoff and recoupment in [the California Action]; provided, however, that to the extent monetary damages are awarded to VSP Labs, Inc. in excess of any monetary damages awarded to [Hillair], or PFO in the California Action, the excess amount may only be enforced through a proof of claim filed in the above-styled and -numbered case, and, without affecting VSP's rights of setoff or recoupment in defense of claims in the California Action, no money damages or other amounts of any kind may be recovered from Hillair under any circumstance on account of any claims that have been or could have been asserted in the California Action[.]

This language was presented to the bankruptcy court by the parties following negotiations between VSP, Hillair, and the trustee.

VSP alleges that subsequent discovery in the California Action revealed that Hillair had directed PFO to breach the 2012 technology development agreement. VSP thus sought leave from the California Superior Court to file a second amended complaint in the California Action, asserting new causes of action against PFO and Hillair, individually and collectively. Before the bankruptcy court, Hillair moved for an order prohibiting VSP's assertion of direct claims against it in California under the terms of the Lift Stay Order. Before the California Superior Court granted VSP leave to amend, the bankruptcy court granted Hillair's motion and entered the Enforcement Order, holding that the Lift Stay Order "entered with the

4

consent of the parties, prohibits the assertion of the claims proposed in the VSP Second Amended Complaint against Hillair . . . ."

VSP moved for reconsideration of the Enforcement Order, arguing in part that the bankruptcy court lacked jurisdiction to adjudicate state law actions between non-debtor third parties. The bankruptcy court denied VSP's motion.

Meanwhile, the California Superior Court requested that the parties clarify the effect of the bankruptcy court's order. VSP filed a supplemental brief which advised the California Superior Court that the bankruptcy court's Enforcement Order had no effect on VSP's proposed claims. In response to VSP's supplemental brief in the California Action, Hillair moved for an order from the bankruptcy court enforcing the Enforcement Order and sanctioning VSP for what Hillair characterized as "[w]illfully [i]gnoring and [v]iolating" the original Enforcement Order. Accordingly, the bankruptcy court sanctioned VSP and ordered it to pay Hillair's reasonable attorneys' fees.

VSP then moved in bankruptcy court for relief from the Lift Stay Order under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). The bankruptcy court denied VSP's Motion for Relief under Rule 60(b)(4) because it had jurisdiction to enter the Lift Stay Order and subsequent interpretive orders because "the outcome of VSP's causes of action against Hillair in the Second Amended Complaint could conceivably have an effect on the Debtor's estate being administered in bankruptcy." The bankruptcy court further denied relief under Rule 60(b)(6) because "[t]he language at issue in the Stay Relief Order was negotiated by the parties and submitted to the Court by VSP . . . . [and] VSP has enjoyed the benefits of having relief from the automatic stay for two years now[.]"

No. 20-10885

## II.

VSP appealed to the district court, challenging the bankruptcy court's four 2019 orders interpreting the Lift Stay Order and imposing sanctions. VSP argued that the bankruptcy court lacked jurisdiction to prevent VSP's assertion of state law claims against a non-debtor, claims which VSP described as "non-core" and unrelated to PFO's bankruptcy estate.

In a comprehensive opinion, the district court affirmed each of the bankruptcy court's orders.[1] Specifically, the district court determined that the bankruptcy court had jurisdiction over VSP's state law claims because they were non-core proceedings related to the bankruptcy estate and because VSP consented to their adjudication by agreeing to the text of the Lift Stay Order.[2] The district court also affirmed the bankruptcy court's interpretation of the Lift Stay Order, finding that the order's text unambiguously prevented VSP from asserting "any claims" for damages against Hillair in the California Action under "any circumstances" as a condition of partially lifting the automatic stay.[3] Finally, the district court found no abuse of discretion in the bankruptcy court's imposition of sanctions against VSP because the supplemental brief VSP filed in California violated the valid Enforcement Order.[4] VSP timely appealed to this Court.

## III.

We apply the same standards of review to the bankruptcy court as a district court, reviewing a bankruptcy court's legal conclusions *de novo* and

---

[1] *See VSP Labs, Inc. v. Hillair Cap. Invs. LP*, 619 B.R. 883, 888 (N.D. Tex. 2020).

[2] *Id.* at 895–900.

[3] *Id.* at 901–03.

[4] *Id.* at 904-05.

No. 20-10885

its findings of fact for clear error.[5] "The extent of a bankruptcy court's jurisdiction is a legal issue that we review *de novo.*"[6] While we review purely legal issues *de novo*, we defer to the bankruptcy court's reasonable interpretation of any ambiguities in its orders.[7] We review the bankruptcy court's decision not to abstain from hearing a proceeding and its award of attorneys' fees for abuse of discretion.[8]

## IV.

We first address whether the bankruptcy court had jurisdiction to prevent VSP from asserting state law claims in state court. Under 28 U.S.C. § 1334, unless an exception applies "district courts shall have original and exclusive jurisdiction of all cases under title 11."[9] This includes "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[10] The bankruptcy courts in turn draw their jurisdiction from the district courts.[11]

The relief from the automatic stay granted by the 2017 Lift Stay Order allowing claims against PFO's estate to advance in the California Action was a core proceeding over which the bankruptcy court had jurisdiction.[12] However, the additional provision of the 2017 Lift Stay Order concerning

---

[5] *Matter of Lopez*, 897 F.3d 663, 668 (5th Cir. 2018).

[6] *In re 804 Cong., L.L.C.*, 756 F.3d 368, 372–73 (5th Cir. 2014).

[7] *In re Nat'l Gypsum Co.*, 219 F.3d 478, 484 (5th Cir. 2000).

[8] *In re Moore*, 739 F.3d 724, 728 (5th Cir. 2014); *Matter of Riley*, 923 F.3d 433, 437 (5th Cir. 2019).

[9] 28 U.S.C. § 1334(a).

[10] 28 U.S.C. § 1334(b).

[11] 28 U.S.C. § 157(a).

[12] 28 U.S.C. § 157(b)(2).

claims by VSP, a non-debtor, against Hillair, another non-debtor, in a separate proceeding was not core.[13]

For a bankruptcy court to have jurisdiction over a non-core proceeding, the proceeding must be "related to" the bankruptcy case.[14] In *Celotex Corp v. Edwards*, the Supreme Court held that while a bankruptcy court's "related to" jurisdiction is not limitless, it goes beyond "simple proceedings involving the property of the debtor or the estate."[15] It turns on "whether the outcome of a proceeding could conceivably have *any* effect on the estate being administered in bankruptcy."[16] The bankruptcy court had "related to" jurisdiction as the outcome of VSP's claims against Hillair could conceivably affect PFO's estate because successful claims against Hillair could reduce the amount of damages for which PFO's estate is found liable.[17]

Although the bankruptcy court had "related to" jurisdiction, its exercise was limited absent party consent.[18] And where the parties consent, a bankruptcy judge may "hear and determine and [ ] enter appropriate orders and judgments" over proceedings that are not core to the bankruptcy case, subject to review by the district court.[19] The parties' "consent may be either express or implied, so long as it is knowing and voluntary; the determination

---

[13] *Id.*

[14] 28 U.S.C. § 157(a).

[15] 514 U.S. 300, 308 (1995).

[16] *In re Prescription Home Health Care, Inc.*, 316 F.3d 542, 547 (5th Cir. 2002).

[17] *See In re Canion*, 196 F.3d 579, 586–87 (5th Cir. 1999).

[18] 28 U.S.C. § 157(c).

[19] 28 U.S.C. §§ 157(c)(2), 158(a).

No. 20-10885

whether a party consented to the bankruptcy court's jurisdiction requires 'a deeply factbound analysis of the procedural history' in the proceeding."[20]

Reviewing this factual question for clear error,[21] we find that VSP and Hillair knowingly and voluntarily consented to the bankruptcy court's jurisdiction over the claims in the California Action. The parties agreed to the language of the Lift Stay Order and presented it to the bankruptcy court, which then entered the proposed order. The parties having thus consented, the bankruptcy court had jurisdiction to hear and enter appropriate orders related to the proceedings surrounding the entry of the Lift Stay Order.[22]

The bankruptcy court also had jurisdiction to enter its four 2019 orders which interpreted and enforced the 2017 Lift Stay Order. "[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders."[23] This includes jurisdiction to pause state court litigation controlled by a prior order and the automatic stay.[24] In sum, we find that the bankruptcy court had jurisdiction to enter the Lift Stay Order and it retained jurisdiction to interpret and enforce its orders, as it did in the 2019 orders.

## V.

VSP argues that, even if the bankruptcy court had jurisdiction, it was required to abstain from adjudicating VSP's non-core claims already subject to the separate California state court proceeding. Parties can ask the district court—and thus the bankruptcy court—to abstain from hearing a proceeding

---

[20] *Saenz v. Gomez*, 899 F.3d 384, 391 (5th Cir. 2018) (quoting *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 684–85 (2015)).

[21] *Id.*

[22] *See* 28 U.S.C. § 157(c)(2).

[23] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

[24] *In re Lothian Oil, Inc.*, 531 F. App'x 428, 436–44 (5th Cir. 2013).

No. 20-10885

where the issue is based on state law and the federal court would not have jurisdiction absent 28 U.S.C. § 1334.[25]

VSP waived this argument by failing to present this issue to both the bankruptcy court and the district court. As we sit as a court of second review, "[e]ven if an issue is raised and considered in the bankruptcy court, this court will deem the issue waived if the party seeking review failed to raise it in the district court."[26] Because VSP did not raise its abstention argument before district court, it did not sufficiently preserve this issue for appeal.

While VSP admits it did not "specifically" move for abstention; it nevertheless urges that a motion for abstention can be gleaned from its filings and that the lower court should have looked beyond the labels VSP applied to its own motions. However, in its motions before the bankruptcy court, VSP did not make a cognizable motion for abstention; it only challenged the bankruptcy court's jurisdiction. A motion explicitly challenging a bankruptcy court's jurisdiction does not implicitly constitute a motion for abstention.[27] And we see no grave miscarriage of justice in finding that VSP waived its abstention argument.[28] We do not require a bankruptcy court to read beyond the text of motions in search of implicit arguments, and we decline to do so here. In sum, the bankruptcy court would not have abused its discretion in refusing to abstain under 28 U.S.C. § 1334(c)(2) as there was no timely motion for abstention.

---

[25] 28 U.S.C. § 1334(c)(2).

[26] *In re Bradley*, 501 F.3d 421, 433 (5th Cir. 2007).

[27] *In re Moore*, 739 F.3d at 729.

[28] *In re Bradley*, 501 F.3d at 433 (considering an argument waived "in the absence of any perceived miscarriage of justice").

No. 20-10885

## VI.

Turning to the reading of the Lift Stay Order, VSP first contends that lower courts should have analyzed the Lift Stay Order under California law rather than Texas law. VSP also argues that the lower courts misinterpreted the Lift Stay Order and that it did not prohibit the assertion of VSP's allegedly undiscovered claims against Hillair. These arguments are unavailing. We hold that the district court correctly interpreted the Lift Stay Order as prohibiting VSP's assertion of claims against Hillair in the California Action.

## A.

VSP contends that the Lift Stay Order should be interpreted under California law rather than Texas law. VSP's argument for the application of California law rather than Texas law is waived because VSP did not present this argument prior to appealing to this Court.[29]

## B.

VSP further contends that the district court misinterpreted the Lift Stay Order because the district court ignored the parties' intent and surrounding circumstances, failed to review the entirety of the Lift Stay Order, and read the Lift Stay Order to produce an unreasonable result. As the language of the Lift Stay Order was jointly proposed to the bankruptcy court following negotiations amongst the parties, the district court properly

---

[29] *In re Martin*, 222 F. App'x 360, 362 (5th Cir. 2007) ("[W]e will not consider any issues on appeal that were not raised before the bankruptcy court."); *see also In re Bradley*, 501 F.3d at 433.

No. 20-10885

relied on ordinary principles of contract interpretation when analyzing the Lift Stay Order.[30]

Where a contract's terms are unambiguous, it must be enforced irrespective of the parties' subjective intent; the same applies to an unambiguous court order such as the Lift Stay Order.[31] The Lift Stay Order unambiguously conditioned the partial lift of the automatic stay by ordering that "no money damages or other amounts of any kind may be recovered from Hillair under any circumstance on account of any claims that have been or could have been asserted in the California Action[.]" Thus, VSP's reliance on its subjective intent when proposing the language of the Lift Stay Order is unavailing: the plain text controls. The circumstances of formation are also irrelevant when interpreting an unambiguous consent order.[32] Regardless, they at best lend no support to VSP.

VSP argues that a holistic reading of the Lift Stay Order shows that its purpose was to allow VSP to pursue claims against PFO and that the condition was only to prevent VSP from recovering from Hillair under VSP's claims against PFO. VSP further argues that independent claims asserted directly against Hillair are not prohibited. The Lift Stay Order clearly prohibits VSP from asserting "any claims that have been or could have been asserted in the California Action[.]"VSP's suggested reading would constrain "any claims" to apply only to those claims arising from the purchased counterclaims, but there is no such constraint in the text. We must

---

[30] *See United States v. Chromalloy Am. Corp.*, 158 F.3d 345, 349 (5th Cir. 1998) ("General principles of contract interpretation govern the interpretation of a consent decree.").

[31] *Travelers*, 557 U.S. at 151–52.

[32] *Robinson v. Vollert*, 602 F.2d 87, 92 (5th Cir. 1979).

read the order as written,[33] such that "any claims that have been or could have been asserted in the California Action" includes the claims that VSP now seeks to include in its VSP's proposed Second Amended Complaint. VSP's assertion of new claims against Hillair in the California Action is thus prohibited.

Even if the term "any claims" were ambiguous as to whether it included claims directly against Hillair, we would defer to the bankruptcy court's reasonable resolution of any ambiguities in the Lift Stay Order.[34] The bankruptcy court provided a reasonable interpretation, finding that VSP's pursuit of claims against Hillair violated the Lift Stay Order.

## C.

VSP argues that the district court's interpretation—and thus the bankruptcy court's interpretation—produces an unreasonable result. That the district court's interpretation of the unambiguous text is unfavorable to VSP does not make it unreasonable. Our precedent has found the plain text of a contract to be unreasonable only in limited situations, such as when a contract would have prevented one party from taking government-mandated action[35] or when the only explanation for the result is error or inadvertence by the parties.[36] Here, however, the district court's interpretation does not lead to "a senseless result."[37] We affirm the district court's interpretation of

---

[33] *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971).

[34] *In re Nat'l Gypsum Co.*, 219 F.3d at 484.

[35] *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 657 (5th Cir. 2019).

[36] *Makofsky v. Cunningham*, 576 F.2d 1223, 1230 (5th Cir. 1978).

[37] *Motor Vehicle Cas. Co. v. Atl. Nat. Ins. Co.*, 374 F.2d 601, 605 (5th Cir. 1967).

the Lift Stay Order and the bankruptcy court's interpretation in its 2019 orders interpreting and enforcing the Lift Stay Order.

## VII.

The bankruptcy court awarded Hillair attorneys' fees as a civil contempt sanction after determining that VSP's supplemental brief violated the Lift Stay Order and the Enforcement Order. VSP argues that the bankruptcy court abused its discretion in awarding attorneys' fees because VSP did not act in bad faith and because the bankruptcy court acted with an erroneous view of the merits of VSP's arguments.

First, VSP argues that the bankruptcy court abused its discretion by awarding attorneys' fees because VSP was not acting in bad faith when it sought to enter its Second Amended Complaint and argued before the California Superior Court that the bankruptcy court's order was void. However, "[g]ood faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order."[38] VSP's disagreement with the Enforcement Order did not entitle it to judge the validity of the bankruptcy court's order or to set the order aside by its own act of disobedience.[39] The bankruptcy court did not abuse its discretion in awarding attorneys' fees in an order of civil contempt for VSP's failure to comply with an extant court order.[40] VSP's argument that it did not act in bad faith is unavailing. We affirm the award of attorneys' fees.

---

[38] *Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002).

[39] *In re Bradley*, 588 F.3d at 265 (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)).

[40] *FDIC v. LeGrand,* 43 F.3d 163, 170 (5th Cir. 1995).

No. 20-10885

Second, VSP argues the award was an abuse of discretion because the bankruptcy court erred as to the merits of VSP's arguments. We here affirm the earlier bankruptcy court's orders.

## VIII.

The judgement of the district court is AFFIRMED.