United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20270

_____

IN THE MATTER OF: O'CONNOR INTERNATIONAL, INC.
DOING BUSINESS AS JAMES W. O'CONNOR HOMES

Debtor.

_____

VIJAY GORADIA; MARIE GORADIA,

Appellees,

versus

JAMES W. O'CONNOR,

Appellant.

*****************************************************************
*

_____

Consolidated With
No. 05-20271

_____

In Re: JAMES W. O'CONNOR

Petitioner.

---

Appeals from the United States District Court
for the Southern District of Texas
Docket No. 4:04-CV-02929

---

Before JONES, Chief Judge, and KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

James W. O'Connor ("O'Connor") brings this appeal, challenging the district court's abstention, vacatur and remand of his adversary proceeding in bankruptcy. As this court lacks jurisdiction to review the decisions of the district court, O'Connor's application for a writ of mandamus is DENIED and his appeal is DISMISSED.

## I. Background

This case began in Texas state court, where Marie and Vijay Goradia ("the Goradias") sued O'Connor International, Inc. ("OCI") for breach of contract and various torts related to the construction of their home. The Goradias later amended their state complaint to include tort claims against O'Connor, the owner of OCI, in his individual capacity.

The case between the Goradias and OCI was sent to binding arbitration, and the Goradias prevailed, obtaining a judgment against OCI. On April 2, 2003, after the judgment was issued, OCI filed for Chapter 7 bankruptcy protection. Claiming "related to" jurisdiction under 28 U.S.C. § 1334(b), O'Connor then removed the state court case against him to bankruptcy court, where it became an adversary proceeding within the OCI bankruptcy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

In bankruptcy court, the Goradias moved to remand the adversary proceeding to state court, and O'Connor moved for summary judgment on the basis of res judicata and collateral estoppel. The bankruptcy court granted O'Connor's motion and dismissed the Goradias' motion as moot. The Goradias then appealed to the district court.

On appeal, citing 28 U.S.C. § 1334(c)(1), the district court abstained from ruling on the adversary proceeding, vacated the decision of the bankruptcy court, and remanded the O'Connor case to state court. O'Connor has appealed the court's decision to vacate and remand, and also filed a mandamus petition challenging the court's abstention, which was consolidated with his appeal.

## II. Discussion

As an initial matter, this court must determine whether its limited jurisdiction encompasses O'Connor's appeal. <u>Webb v. B.C. Rogers Poultry, Inc.</u>, 174 F.3d 697, 699 (5th Cir. 1999); <u>Castaneda v. Falcon</u>, 166 F.3d 799, 801 (5th Cir. 1999). Because the district court's decisions to abstain and remand are not reviewable here, we need not reach the merits of the bankruptcy case.

This case was removed to bankruptcy court through 28 U.S.C. § 1452, which allows removal of state cases related to a bankruptcy proceeding. O'Connor asserts that federal jurisdiction

3

exists in this case under 28 U.S.C. § 1334(b), which gives the district court "original but not exclusive" jurisdiction over all claims "related to" title 11 bankruptcy proceedings.[1] The Goradias argue that removal was inappropriate, as a state law case involving two nondebtors is not sufficiently "related to" OCI's bankruptcy. In its opinion, the district court appeared to agree with the Goradias, though the court ultimately declined to decide the jurisdictional issue and proceeded on the assumption that "related to" jurisdiction existed under § 1334(b). It is true that "no pussy-footing around is allowed on jurisdictional issues." In re Southmark Corp., 163 F.3d 925, 929 (5th Cir. 1999). However, the result in the instant case is the same regardless whether "related to" jurisdiction exists.

In the event that the bankruptcy court lacked jurisdiction over the adversary proceeding, abstention would have been unnecessary, and remand was required under 28 U.S.C. § 1447(c); a decision to remand on this basis is not reviewable by this court. 28 U.S.C. § 1447(d); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712, 116 S. Ct. 1718 (1996); Schexnayder v. Entergy La., Inc., 394 F.3d 280, 283 (5th Cir. 2004).

---

[1] Without "related to" jurisdiction, there is no federal jurisdiction in this case, as the parties are nondiverse and the Goradias' suit raised only state law tort claims.

4

However, the district court appears to have assumed the existence of § 1334(b) jurisdiction, and in abstaining from hearing the adversary proceeding, the court cited its authority under 28 U.S.C. § 1334(c)(1). For "bankruptcy cases commenced after the 1994 amendments to the bankruptcy law, decisions either to abstain or not to abstain are not, with very limited exceptions, reviewable on appeal." In re Southmark, 163 F.3d at 929. Section 1334(c)(1) gives district courts discretion to abstain from hearing "related to" cases in the interests of justice, comity with state courts, or respect for state law. Indeed, in light of § 1334(c)(1), the district court listed numerous state law and equitable factors that made the state court a more appropriate venue for the adversary proceeding. The Bankruptcy Code, 28 U.S.C. § 1334(d), makes clear that any decision of the district court

> to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Under this plain language, the district court's decision to abstain based upon 28 U.S.C. § 1334(c)(1) is not reviewable here. The statute provides no exception dependent on whether the district court's order exercised original or appellate jurisdiction. Thus, this court lacks any jurisdiction to review

5

the district court's abstention order, and a writ of mandamus will not issue.

The district court's decision to remand the O'Connor case is also not reviewable by this court, regardless of whether subject matter jurisdiction exists. As discussed supra, assuming that the courts lacked jurisdiction over the adversary proceeding, the district court's decision to remand would not be reviewable under 28 U.S.C. § 1447(d). Alternatively, a district court may remand a claim based upon valid § 1334 jurisdiction "on any equitable ground." 28 U.S.C. § 1452(b). Remands made under § 1452(b) are not "reviewable by appeal or otherwise by the court of appeals ... or by the Supreme Court of the United States." Id.; see also In re Adams, 809 F.2d 1187, 1189 (5th Cir. 1987). Again, this court lacks jurisdiction over O'Connor's appeal.

O'Connor's citation to Quackenbush is misplaced. Quackenbush held that "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)," and concluded that the district court's exercise of Burford abstention in that case was appealable under 28 U.S.C. § 1291. Quackenbush, 517 U.S. at 712, 116 S. Ct. at 1718. However, Quackenbush is readily distinguishable from the instant case in that Quackenbush was originally removed from state court based upon diversity jurisdiction; in that case, removal could not be premised upon

6

§ 1447(c), and the Supreme Court therefore concluded that the invocation of the § 1447(d) bar to review was improper. In the instant case, § 1447(d) is appropriately used if subject matter jurisdiction did not exist, and if O'Connor had § 1334(b) jurisdiction, then § 1334(d) and § 1452(b) prevent review, not § 1447(d).

Finally, with regard to the district court's vacatur of the decisions of the bankruptcy court, we find that the decisions of the bankruptcy court, including its grant of summary judgment to O'Connor, were neither separate from the remand nor conclusive for the purposes of reviewability under 28 U.S.C. § 1291. See Doleac v. United States, 264 F.3d 470, 478-83 (5th Cir. 2001) (discussing reviewability of issues on appeal where remand order was not itself reviewable; none of the cases discussed were related to bankruptcy). The district court's decision to abstain and remand could not be given its full effect without the court's vacating the earlier decisions of the bankruptcy court, and the district court's actions are not conclusive, as O'Connor will be able to reargue his claims of res judicata and collateral estoppel in state court.

### III. Conclusion

The decisions of the district court are not reviewable here. Therefore, O'Connor's application for a writ of mandamus is **DENIED** and his appeal is **DISMISSED**.

7