# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10182

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2019

Lyle W. Cayce
Clerk

In the Matter of:  ONDOVA LIMITED COMPANY

Debtor

------------------------------------------------

JEFFREY BARON,

Appellant

v.

DANIEL J. SHERMAN; MUNSCH, HARDT, KOPF & HARR, P.C.; LIBERTY MUTUAL INSURANCE COMPANY,

Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, ELROD, and WILLETT, Circuit Judges.

PER CURIAM:

Jeffrey Baron appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of his bankruptcy "adversary proceeding" against Daniel J. Sherman, the trustee responsible for administering the bankruptcy

No. 18-10182

estate of Ondova Limited Company. Baron also appeals the denial of his motion for leave to amend. We review both *de novo*.[1]

To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face.[2] And while we must accept a plaintiff's factual allegations as true, we are not bound to accept as true "a legal conclusion couched as a factual allegation."[3]

The district court considered and adopted Bankruptcy Judge Jernigan's meticulous and well-reasoned 55-page Report and Recommendation. The district court granted Trustee Sherman's motion to dismiss because—as the court-appointed trustee and an arm of the court—Sherman was entitled to absolute immunity for all actions taken pursuant to a court order, and entitled to qualified immunity for all other acts within the scope of his trustee duties. Baron's claims against Trustee Sherman's attorneys (the law firm Munsch Hardt Kopf & Harr, P.C.) also failed because the attorneys were covered by both derivative trustee immunity and independent attorney immunity. Baron's claim that Trustee Sherman breached his fiduciary duty also failed because he did not plausibly plead gross negligence. Finally, the district court denied Baron's motion to amend his complaint on futility grounds.

We agree with the district court's analysis of Trustee Sherman's immunity. Trustees are entitled to absolute immunity for all actions taken pursuant to a court order.[4] And while this circuit does not have controlling precedent on the issue, numerous sister circuits have held that trustees have

---

[1] While a denial of leave to amend is generally reviewed for abuse of discretion, because the district court based its denial for leave to amend solely on futility, review is *de novo*. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) ("The "de novo standard of review [is] identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6).").

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[4] *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981).

No. 18-10182

qualified immunity for personal harms caused by actions taken within the scope of their official duties.[5] Only *ultra vires* actions—actions that fall outside the scope of their duties as trustees—are not entitled to immunity. There is no compelling reason to depart from our sister circuits' sensible approach. We thus hold that bankruptcy trustees in the Fifth Circuit are entitled to qualified immunity for personal harms caused by actions that, while not pursuant to a court order, fall within the scope of their official duties.

Here, Baron has not plausibly alleged any actions not covered by absolute or qualified immunity, either in his original complaint or in his proposed amended complaint. His factual allegations on appeal are limited to Sherman's decision to seek a receivership over him, alleged falsehoods or misrepresentations during the receivership process, and subsequent use of the receivership to liquidate assets. However—as acknowledged by Bankruptcy Judge Jernigan—all property seizures that Baron complains of were done under the Receivership Order and were actions taken by the receiver rather than the trustee. As Judge Jernigan also notes, between the date Sherman was appointed trustee and the date Baron filed his adversary proceeding, the bankruptcy court entered approximately 147 orders in the Ondova Bankruptcy Case. Trustee Sherman was acting "under the supervision and subject to the order of the bankruptcy judge"—and thus entitled to absolute immunity[6]—for virtually all of his tenure as trustee.

---

[5] *See, e.g., Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 413 (6th Cir.), *cert denied*, 134 S. Ct. 444 (2013); *Sierra v. Seeber*, 966 F.2d 1444 (4th Cir. 1992); *Phoenician Mediterranean Villa, LLC v. Swope (In re J & S Props., LLC)*, 545 B.R. 91, 104 (Bankr. W.D. Pa. 2015) ("When not acting pursuant to an order of court, a bankruptcy trustee is generally afforded *qualified immunity*."), *aff'd*, 554 B.R. 747 (W.D. Pa. 2016), *aff'd*, 872 F.3d 138 (3d Cir. 2017).

[6] *Boullion*, 639 F.2d at 213

No. 18-10182

Even when Trustee Sherman was not acting pursuant to a court order, he was still entitled to qualified immunity for actions taken within the scope of his official duties. Seeking a receivership is sometimes a necessary step in administering the estate. And we have previously weighed in on this very receivership.[7] While we found that the receivership was without jurisdiction, we also held that it was pursued without malice.[8] And we have already awarded a remedy.[9] Baron disagrees with Trustee Sherman's decision to pursue a receivership and alleges that Sherman made misleading statements during the receivership process, but these allegations—even when assumed to be true—cannot transform them into *ultra vires* actions that remove Trustee Sherman's qualified immunity.

Second, we agree with the district court that this immunity extends to Trustee Sherman's attorneys under both a derivative theory of judicial immunity[10] and under the separate doctrine of attorney immunity[11] for essentially the same reasons articulated by the district court.

Third, we agree with the district court's analysis of Baron's claims for breach of fiduciary duty. Baron fails to plausibly allege facts sufficient to support a finding of gross negligence, either in his original complaint or in his proposed amended complaint.

---

[7] *Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012).

[8] *Id.* at 313 ("[W]e hold . . . that in creating the receivership 'there was no malice nor wrongful purpose, and only an effort to conserve property in which [the court] believed' it was interested in maintaining for unpaid attorney fees and to control Baron's vexatious litigation tactics." (alteration in original) (quoting *W.F. Potts Son & Co. v. Cochrane,* 59 F.2d 375, 377–78 (5th Cir. 1932))).

[9] *Id.* at 313–14.

[10] *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993).

[11] *See Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 349 (5th Cir. 2016) (holding that attorneys are entitled to immunity under Texas law from suit by non-clients, unless the attorney's conduct "d[oes] not involve the provision of legal services" or is "entirely foreign to the duties of any attorney").

No. 18-10182

Finally, while we review *de novo* the denial of a motion to amend, Baron has failed to raise the new causes of action contained within his proposed amended complaint in his briefs or argue that the district court erred in finding these claims unsuccessful. "It is a well worn principle that the failure to raise an issue on appeal constitutes waiver of that argument."[12] Baron has thus waived the issue, and we will not disturb the district court's finding of futility.

\* \* \*

We AFFIRM both the district court's dismissal under Rule 12(b)(6) and the denial of leave to file an amended complaint.

---

[12] *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (citing *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000)).