**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2020

No. 19-30494

Lyle W. Cayce
Clerk

———————

In the Matter of: DONALD H. GRODSKY

     Debtor

JOHN T. LAMARTINA-HOWELL; ELISE LAMARTINA,

     Appellants

v.

DAVID ADLER; GORDON, ARATA, MONTGOMERY, BARNETT,
MCCOLLAM, DUPLANTIS & EAGAN, L.L.C., formerly known as Gordon,
Arata, McCollam, Duplantis and Eagan, L.L.C.; FERNAND L. LAUDUMIEY,
IV; DAVID J. MESSINA; LAKE VILLAS NUMBER 2 HOMEOWNERS
ASSOCIATION, INCORPORATED; SEALE & ROSS, A PROFESSIONAL
LAW CORPORATION; GLEN GALBRAITH; LESLIE BOLNER,

     Appellees

--------------------------------------------------------

Consolidated with 19-30496

In the Matter of: DONALD H. GRODSKY

     Debtor

JOHN L. HOWELL; ELISE LAMARTINA,

     Appellants

v.

No. 19-30494

LAKE VILLAS NUMBER 2 HOMEOWNERS ASSOCIATION, INCORPORATED; DAVID V. ADLER; GORDON, ARATA, MCCOLLAM, DUPLANTIS AND EAGAN, L.L.C.; CHAFFE MCCALL, L.L.P.; FERNAND L. LAUDUMIEY, IV; DAVID J. MESSINA; SEALE & ROSS, A PROFESSIONAL LAW CORPORATION; GLEN GALBRAITH; LESLIE BOLNER,

      Appellees

------

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-10068
USDC No. 2:19-CV-10334

------

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Appellants John LaMartina-Howell ("John") and Elise LaMartina ("Elise") appeal the district court's affirmance of two bankruptcy court orders dismissing all claims related to the ownership of a promissory note and enjoining all future claims regarding the same. We affirm.

I.

This consolidated appeal relates to a dispute that has been litigated in state, bankruptcy, and district courts for the last six years. This appeal should, at long last, be the end of the road. In 2014, Defendant-Appellee, Lake Villas II Homeowners Association ("Lake Villas"), obtained a judgment in Louisiana state court for $37,147.68 against Elise for her failure to pay her homeowners

------

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

association fees. When Lake Villas attempted to foreclose on her condo to satisfy the judgment, a second, higher-priority mortgage was discovered. The ownership of that note sparked great controversy. Donald Grodsky ("Grodsky"), whose bankruptcy trustee is a Defendant-Appellee here, claimed ownership, as did Elise's son John.

During Lake Villas' suit against Elise, the Louisiana court determined, after hearing extensive and shifting testimony from the LaMartina family and Grodsky, that the note was the property of Grodsky.[1] Grodsky's closed 2009 Chapter 7 bankruptcy case was then re-opened "to administer and distribute the proceeds of the Mortgage Note" because he had failed to disclose the mortgage note during those initial bankruptcy proceedings. To that end, in May 2015, the bankruptcy court ordered John to turn over the mortgage note. This order was not appealed.

John and Elise did, however, file a separate adversary proceeding in bankruptcy court on January 29, 2018. Their complaint alleged that during the proceedings before the Louisiana court, Appellees committed bribery, witness tampering, fraud, and extortion, among many other crimes,[2] as well as defamation, breach of fiduciary duty, and abuse of process. Also named as a

---

[1] The Louisiana First Circuit court of appeal dismissed John's appeal, and the Louisiana Supreme Court denied further review. *Lake Villas No. II Homeowners' Ass'n, Inc. v. LaMartina*, 189 So.3d 1070 (La. 2016). Later writ applications were also denied. *See, e.g., Lake Villas No. II Homeowners Ass'n, Inc. v. Lamartina*, 2018-0699 (La. App. 1 Cir. 9/17/18).

[2] In August 2016, John filed a RICO complaint in the district court against the trustee, Lake Villas, and their attorneys. *Howell v. Adler*, No. 16-14141, 2017 WL 1064974 (E.D. La. Mar. 21, 2017). The court dismissed these claims, holding that the *Barton* doctrine precluded Elise and John from filing claims based on defendants' "acts performed 'within the context of [their] role of recovering assets for the estate'" without receiving permission from the bankruptcy court. *Id.* at *2-3 (internal citations omitted). The court also found that John failed to plead adequate facts to state a RICO claim. *Id.* at*3-6. This judgment was not appealed, and to the extent Appellants attempt to revive their RICO complaint, such a claim is barred by res judicata. *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999) (Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.").

No. 19-30494

defendant in this suit was the Office of the U.S. Trustee, who Appellants contend failed to respond to complaints made about the Chapter 7 Trustee and his attorneys. As relief, Appellants sought "the return of [the] Promissory Note." In addition to dismissing all of John and Elise's claims, the bankruptcy court granted Appellees' requested *Barton* injunction, prohibiting all future claims related to the ownership of the note. The district court affirmed, and John and Elise filed their notice of appeal with this court.

Despite the injunction, John and Elise filed anew in the Eastern District of Louisiana. The complaint was styled as a petition for nullity, damages, and permanent injunctive relief. Here, Appellants complained that "defendant Lake Villas… violated the automatic stay in pursuing the state court litigation, and therefore the state court judgment awarding ownership of the note to the debtor is *void ab initio*." The district court transferred this case to the bankruptcy court, which dismissed their claim. The district court affirmed, and John and Elise appealed this decision, as well. The two appeals were consolidated before this court.

## II.

"When a court of appeals reviews the decision of a district court, sitting as an appellate court, it applies the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court." *Jacobsen v. Moser* (*In re Jacobsen*), 609 F.3d 647, 652 (5th Cir. 2010) (citation and internal quotation marks omitted). Thus, in accordance with the district court, "conclusions of law are reviewed de novo, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed de novo." *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). We review the issuance of injunctions for an abuse of discretion. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931–32 (1975).

4

No. 19-30494

III.

On appeal, Appellants present — with few citations to the record — a myriad of arguments, but ultimately to no avail.  First, we agree with the bankruptcy court that its "order directing [John] to turn the note over to the bankruptcy trustee… became a final order when the motion to reconsider was denied and no appeal was taken."  Thus, Appellants' attempt to undo the turnover order in these separate proceedings is barred by principles of res judicata.  *Maggio v. Zeitz*, 333 U.S. 56, 68 (1948) ("the turnover proceeding is a separate one and, when completed and terminated in a final order, it becomes res judicata and not subject to collateral attack").

Second, as to the remaining allegations against Grodksy's bankruptcy trustee and his attorneys, we also agree that Appellees are immune from liability because they "acted within the scope of their duties during the events described in the complaint, and that the plaintiffs' allegations are not based in fact."  *C.f., Matter of Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019) (per curiam). And, in light of the extensive litigation, the bankruptcy court was well within its discretion to maintain jurisdiction over the adversary proceedings. *See Matter of Querner,* 7 F.3d 1199, 1202 (5th Cir. 1993); *Matter of Carroll,* 850 F.3d 811, 816 (5th Cir. 2017) (per curiam). Finally, although Appellants scarcely defend their second appeal in the briefs, we find that the bankruptcy court was correct in holding that the suit violated its permanent injunction barring John and Elise from relitigating the promissory note and that it lacked any underlying merit.

IV.

Because we find no reversible error in the bankruptcy court's orders, the district courts' judgments are AFFIRMED in all respects.