# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2021

Lyle W. Cayce
Clerk

No. 20-60960
Summary Calendar

Ennit Morris,

*Plaintiff—Appellant*,

*versus*

Mario King, Individually and in his Official Capacity as Mayor of Moss Point, Mississippi,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CV-358

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff Ennit Morris sued Defendant Mario King—both individually and in his official capacity as Mayor of Moss Point, Mississippi—under 42 U.S.C. § 1983, alleging deprivation of his federal constitutional rights.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60960

Additionally, Plaintiff alleged state tort law claims. The district court granted a partial motion to dismiss under Rule 12(b)(6), dismissing the federal claims with prejudice. The district court also ordered remand of the tort claims to state court. On appeal, Morris only challenges the dismissal of the federal claims. We affirm.

Morris alleges the following facts in his complaint:

"[D]uring the December 4, 2018, Alderman meeting, while the Board was in executive session, [] the Defendant, KING, ordered the police (who was serving as a sergeant-at-arms) to arrest and/or forcibly remove the Plaintiff from the executive session meeting. In following this order, the police officer placed his hand(s) on the Plaintiff as if he were going to physically remove the Plaintiff from the meeting. At this time the city attorney ordered the police officer to unhand the Plaintiff, and instructed the Defendant, King, that his action/order was out of line and improper."

In making a Section 1983 claim, Morris alleges that his First Amendment rights of assembly and speech were violated. Additionally, he claims that he was seized and subject to an excessive use of force in violation of the Fourth Amendment.

"We review a district court's ruling on a motion to dismiss de novo." *Wampler v. Southwestern Bell Telephone Co.*, 597 F.3d 741, 744 (5th Cir. 2010). We must accept the complaint's factual allegations as true and "must draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). But we need not accept as true "legal conclusion[s] couched as factual allegations." *Matter of Ondova Ltd. Co.*, 914 F.3d 990, 992 (5th Cir. 2019).

Suing an official in his official capacity is treated as an action against the municipality itself. *See Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). A plaintiff must demonstrate the

existence of "a policymaker; an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Srvcs.*, 436 U.S. 658, 694 (1978)).

Morris alleges that King qualifies as a policymaker for the City and that his actions embody the "official policy, practice, and custome[sic] of the City of Moss Point, Mississippi." But this statement is conclusory and unsupported by the facts alleged. King's attempt to remove Morris from an alderman meeting was immediately stopped the city attorney, who communicated the impropriety of the action. At most, the facts show that King was acting in his individual capacity.

Morris' claims against King in his individual capacity also fail to pass muster. Morris claims that King violated his First Amendment rights by engaging in "viewpoint discrimination." Moreover, he claims that King violated the Fourth Amendment by committing a seizure accompanied by an excessive use of force. Both statements are conclusory and unsupported by facts. Morris was not removed from the meeting, and he does not allege that he was prohibited from expressing any views. The facts are insufficient to show seizure, which is a restraint of liberty that makes a reasonable person "believe[] that they were not free to leave." *McLin v. Ard*, 866 F.3d 682, 691 (5th Cir.2017). While an officer touched Morris, it was immediately followed with instructions from the city attorney to the officer to unhand Morris. Moreover, there are also no facts indicating that force used was "excessive" and "objectively unreasonable." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000).

Accordingly, we agree with the district court's thorough analysis. We affirm the order dismissing the federal claims with prejudice.