# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2023

Lyle W. Cayce
Clerk

No. 22-10310
CONSOLIDATED WITH
No. 22-10318

---

IN THE MATTER OF REGINA NACHAEL HOWELL FOSTER

*Debtor*,

REGINA NACHAEL HOWELL FOSTER

*Appellant*,

*versus*

AREYA HOLDER AURZADA; SAI REED PROPERTIES
INCORPORATED; CARLOS FOSTER; MICHELLE E. SHRIRO; TODD
A. HOODENPYLE; SINGER AND LEVICK PC,

*Appellees*.

---

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 4:20-CV-1277, 4:20-CV-1357

---

Before RICHMAN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

No. 22-10310
c/w No. 22-10318

Per Curiam:*

After the conclusion of her bankruptcy proceeding, Regina Nachael Howell Foster (Foster) sued, among others, the bankruptcy trustee and counsel for the trustee in state court. The case was removed to bankruptcy court. The bankruptcy court concluded that it had jurisdiction as to the defendants relevant to this appeal and that the case was timely removed. It then dismissed the case. Because the bankruptcy court had jurisdiction, the case was timely removed, and Foster's lawsuit violated the *Barton* doctrine, we affirm.

## I

Foster was a chapter 7 debtor in a bankruptcy case that began in 2012, and Areya Holder Aurzada (Trustee) was appointed trustee. Foster listed three properties (the Properties) as assets in her bankruptcy. Four days after filing for bankruptcy, Foster filed for divorce. Foster's husband claimed that the Properties were his separate property. The Trustee initiated a case against Foster's husband and his company to determine whether the Properties were part of the bankruptcy estate. The Trustee also intervened in the divorce proceeding to protect the bankruptcy estate's interest in the Properties.

Ultimately, the bankruptcy court determined that the Properties were part of the bankruptcy estate and entered orders authorizing the sale by the Trustee of all three of the Properties.

Singer & Levick PC (SLPC) served as counsel for the Trustee. With court approval, SLPC assisted the Trustee in analyzing the competing claims of ownership over the Properties. In 2018, the firm filed an application for

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

No. 22-10310
c/w No. 22-10318

compensation and reimbursement of expenses as counsel to the Trustee. Although Foster objected, the bankruptcy court approved the application.

In 2018, the Trustee filed an application for compensation and expenses, which Foster did not oppose. The bankruptcy court granted the application. After the Trustee filed her final report and final account and distribution report certification with the bankruptcy court, the bankruptcy court entered an order approving the report and discharging the Trustee. The court then closed the case.

Almost ten months later, Foster filed a motion with the bankruptcy court which asked to reopen the bankruptcy case to sue the Trustee and to vacate the judgment for lack of subject matter jurisdiction. The Trustee objected. After a hearing, the bankruptcy court denied the motion.

Foster did not seek or obtain permission from the bankruptcy court to sue the Trustee or SLPC in another forum. On November 7, 2019, Foster filed a complaint in Texas state court. She sued (1) the Trustee, (2) SLPC, (3) a lawyer at SLPC named Todd Hoodenpyle, (4) a lawyer at SLPC named Michelle Shriro (collectively, Removing Defendants), (5) her husband, Carlos Foster, and (6) SAI Reed Properties Inc. (SAI). The Trustee filed a motion to reopen the bankruptcy case for the limited purpose of removing the action, considering dismissal, and imposing sanctions, which, despite Foster's objection, the bankruptcy court granted after a hearing.

On December 17, 2019, the Removing Defendants filed a notice of removal to bankruptcy court. Foster then filed two motions to remand, one based on timeliness of removal and the other based on subject matter jurisdiction. The Removing Defendants objected to both motions and filed a motion to dismiss. The bankruptcy court denied the timeliness motion, denied the jurisdictional motion as to the Removing Defendants, and remanded the lawsuit against Carlos Foster and SAI to state court based on a

3

No. 22-10310

c/w No. 22-10318

lack of jurisdiction. It also dismissed the complaint as to the Removing Defendants.

Foster appealed the bankruptcy court's judgment as to the timeliness motion, the jurisdictional motion, and the motion to dismiss to the district court. The district court affirmed the bankruptcy court's judgments. Foster timely appealed the district court's judgments to this court, which has jurisdiction under 28 U.S.C. § 158(d). Foster proceeds pro se.

## II

Foster contests that the bankruptcy court had jurisdiction over this action. The bankruptcy court stated that it had jurisdiction over the claims against the Removing Defendants under 28 U.S.C. §§ 1334(b) and 157. It also stated that removal was proper under 28 U.S.C. § 1452(a). The district court agreed, stating that the bankruptcy court's opinion "contains a detailed and correct explanation for denying [the jurisdictional] motion."

Foster alleges that (1) the lawsuit is not a core bankruptcy proceeding and thus the bankruptcy court could not enter final judgment, (2) the defendants acted ultra vires, and (3) she only brought state law claims and the removal was improperly based on a federal defense. She asserts that the bankruptcy court erred by denying in part her jurisdictional motion and that the bankruptcy court did not have jurisdiction to dismiss her complaint. "The extent of a bankruptcy court's jurisdiction is a legal issue that we review *de novo*."[1]

---

[1] *In re PFO Glob., Inc.*, 26 F.4th 245, 252 (5th Cir.), *cert. denied sub nom. VSP Labs, Inc. v. Hillair Cap. Invs. L.P.*, 142 S. Ct. 2782 (2022) (quoting *In re 804 Cong., L.L.C.*, 756 F.3d 368, 372–73 (5th Cir. 2014)); *see also In re Bissonnet Invs. LLC*, 320 F.3d 520, 525 (5th Cir. 2003) ("Because the . . . court decided not to remand for an alleged lack of jurisdiction, § 1447(d) does not preclude this Court's appellate jurisdiction. Because the . . . decision was not based on equitable grounds, § 1452(b) does not preclude appellate review.").

No. 22-10310
c/w No. 22-10318

Under 28 U.S.C. § 1334(b), unless Congress provides otherwise, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[2] "The bankruptcy courts in turn draw their jurisdiction from the district courts" under 28 U.S.C. § 157(a).[3] Foster does not appear to dispute that this case is at least "related to" bankruptcy, and, as described below, this court agrees. Thus, the bankruptcy court had subject matter jurisdiction over the case.[4]

Foster contests that this case is a core bankruptcy proceeding such that the bankruptcy court could enter final judgment. "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[5] For example, claims concerning the administration of the estate, allowance or disallowance of claims against the estate, and sale of property of the estate are all core proceedings.[6] Claims against a trustee and the trustee's counsel for their actions in a bankruptcy proceeding are the type

---

[2] 28 U.S.C. § 1334(b); *see also In re Bass,* 171 F.3d 1016, 1022 (5th Cir. 1999) ("[Section] 1334(b) grants jurisdiction to district courts and adjunct bankruptcy courts to entertain proceedings 'arising under,' 'arising in a case under,' or 'related to' a case under Title 11 of the United States Code, i.e., proceedings 'related to' bankruptcy.").

[3] *In re PFO Glob., Inc.*, 26 F.4th at 252 (citing 28 U.S.C. § 157(a)).

[4] *See In re Bass*, 171 F.3d at 1022 ("To determine whether [bankruptcy] jurisdiction exists, 'it is necessary only to determine whether a matter is at least "related to" the bankruptcy.'" (quoting *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995))).

[5] *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

[6] *See* 28 U.S.C. § 157(b)(2)(A), (B), (N), (O).

of claims that could not arise outside of the context of the underlying bankruptcy case.[7]

Foster's complaint appears to allege that the Trustee and counsel for the Trustee improperly intervened in the divorce proceeding, improperly received compensation, and improperly sold the Properties, and that the bankruptcy court's judgments are void. As the bankruptcy court ably explains, the claims Foster raises against the Trustee and the Trustee's counsel in her complaint all arise from their roles as trustee and counsel for the trustee in the underlying bankruptcy case and involve claims Foster raised during the underlying bankruptcy case. Further, Foster does not appear to dispute the bankruptcy court's characterization of what she substantively contests in each claim. Rather, she claims that the face of her complaint only raises state law claims. However, this argument is unpersuasive when, as is the case here, the claims could not arise outside of the bankruptcy context.[8] As a result, Foster's argument that the bankruptcy court could not enter final judgment is meritless. Further, to the extent

---

[7] *Cf. In re Southmark Corp.*, 163 F.3d 925, 930-31 (5th Cir. 1999) (finding debtor's malpractice suit against an examiner's accountant to be a core proceeding); *id.* at 931 ("The bankruptcy court must be able to assure itself and the creditors who rely on the process that court-approved managers of the debtor's estate are performing their work, conscientiously and cost-effectively. . . . Award of the professionals' fees and enforcement of the appropriate standards of conduct are inseparably related functions of bankruptcy courts.").

[8] *See id.* at 930 (citing 28 U.S.C. § 157(b)(3)) (stating that whether claim has a state law origin is not dispositive to whether it is a core bankruptcy matter); *In re Wood*, 825 F.2d at 97 n.34 (stating that whether right is state created is not dispositive to whether proceeding is core under 28 U.S.C. § 157).

No. 22-10310
c/w No. 22-10318

Foster argues that the bankruptcy court should have abstained,[9] mandatory abstention does not apply to core proceedings.[10]

Foster alleges that the defendants acted ultra vires. It is unclear from Foster's briefing whether she is arguing that the alleged ultra vires acts affect whether the case constitutes a core proceeding, ultra vires acts affect jurisdiction in a different way, or she is conflating her jurisdictional and timeliness appeal under case 22-10318 with her appeal of the motion to dismiss under case 22-10310. Regardless, as discussed in Section IV, the allegations in Foster's complaint do not contain allegations outside of the scope of the Removing Defendants' official duties.

Foster also argues that 28 U.S.C. § 157 does not provide jurisdiction because there is no federal question in her well-pleaded complaint and because the federal question cannot arise in a defense. However, the caselaw Foster cites for this argument applies only to federal-question jurisdiction.[11] Accordingly, her argument is unavailing.

Finally, Foster contests that the lawsuit was properly removed under 28 U.S.C. § 1452(a). Section 1452(a) states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district

---

[9] *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) ("[W]e liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel . . . .").

[10] *In re TXNB Internal Case*, 483 F.3d 292, 300-01 (5th Cir. 2007).

[11] *See, e.g.*, *Rivet v. Regions Bank of La.*, 522 U.S. 470, 472, 474-75 (1998) (stating that "Congress has not authorized removal based on a defense or anticipated defense federal in character" when removal is based on the federal-question removal statute); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (describing federal question cases under 28 U.S.C. § 1331); *Box v. PetroTel, Inc.*, 33 F.4th 195, 201-02 (5th Cir. 2022) (analyzing whether *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), meant the court had jurisdiction under 28 U.S.C. § 1331).

No. 22-10310

c/w No. 22-10318

where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."[12]  As described above, jurisdiction is proper under § 1334.  Although 28 U.S.C. § 1452(a) specifies removal to a district court, the Removing Defendants in this case removed directly to the bankruptcy court.  A number of circuits have permitted direct removal to the bankruptcy court under § 1452(a) primarily because (1) many district courts have standing orders that automatically transfer bankruptcy cases to bankruptcy court when they are removed to a district court and (2) district courts are an entity of which bankruptcy courts are a unit.[13]  Additionally, this court has repeatedly decided bankruptcy appeals without attention to this distinction.[14]  Therefore, we conclude that the removal was proper.

The bankruptcy court did not err in denying Foster's jurisdictional motion and had jurisdiction to enter the order of dismissal.

---

[12] 28 U.S.C. § 1452(a).

[13] *See Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011); *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 247 n.8 (3d Cir. 2007); *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 n.4 (8th Cir. 1995); *see also In re Coastal Plains, Inc.*, 338 B.R. 703, 711 (N.D. Tex. 2006); *Canyon Supply & Logistics, LLC v. McDermott, Inc.*, No. 2:13-CV-89, 2013 WL 3208580, at *2 (S.D. Tex. June 24, 2013).

[14] *See, e.g.*, *In re Burch*, 835 F. App'x 741, 745 (5th Cir.), *cert. denied sub nom. Burch v. Freedom Mortg. Corp.*, 142 S. Ct. 253 (2021), *reh'g denied*, 142 S. Ct. 629 (2021) (per curiam) (unpublished) ("The defendant-appellants each removed those cases to federal courts based on either diversity jurisdiction—which were removed to the district court—or as cases related to the bankruptcy proceedings under 28 U.S.C. §§ 1334 and 1452—which cases were removed directly to the bankruptcy court."); *In re Cajun Elec. Power Co-op., Inc.*, 480 F. App'x 289, 292 (5th Cir. 2012) (per curiam) (unpublished) ("[T]he [plaintiff] filed suit against [defendant] in Louisiana state court . . . .  [The defendant] removed the case to the bankruptcy court pursuant to 28 U.S.C. § 1452 . . . ."); *In re O'Connor Int'l, Inc.*, 174 F. App'x 209, 211 (5th Cir. 2006) (per curiam) (unpublished) ("This case was removed to bankruptcy court through 28 U.S.C. § 1452, which allows removal of state cases related to a bankruptcy proceeding.").

No. 22-10310
c/w No. 22-10318

### III

Foster next contests that the action was timely removed. She alleges that because the Removing Defendants did not file their notice of removal within thirty days of when Foster mailed the complaint and summons, the bankruptcy court erred in denying her timeliness motion. The bankruptcy court found that the removal was timely, and the district court did not find that the bankruptcy court erred in denying the timeliness motion. This is a question of law that we review de novo.[15]

Federal Rule of Bankruptcy Procedure 9027(a)(3) states:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) *30 days after receipt*, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) *30 days after receipt* of the summons if the initial pleading has been filed with the court but not served with the summons.[16]

Under the plain text of this rule, removal is timely when it occurs within thirty days of when the defendants *receive* the pleading. SLPC, Hoodenpyle, and Shriro received the citation and complaint on November 18, 2019, and the Trustee received the citation and complaint on November 25, 2019. The Removing Defendants filed their notice of removal on

---

[15] *In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007).

[16] Fed. R. Bankr. P. 9027(a)(3) (emphasis added); *cf.* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within *30 days after the receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (emphasis added)).

No. 22-10310
c/w No. 22-10318

December 17, 2019. Removal was within thirty days of receipt of service and was timely.

Foster argues that the thirty-day period should have begun on the day she mailed the citation and complaint to each defendant because Texas law permits service by registered or certified mail. However, the cases she cites do not support her argument.[17] Furthermore, as described above, Federal Rule of Bankruptcy Procedure 9027(a)(3) specifies that the thirty-day period begins on the day *of receipt*.[18] This starting point "promotes certainty and judicial efficiency"[19] by ensuring a delay in the mail does not deprive a defendant of the opportunity to remove a case.

The bankruptcy court did not err in denying Foster's timeliness motion.

## IV

Foster claims that the bankruptcy court erred in granting the Removing Defendants' motion to dismiss under Rule 12(b)(6). The

---

[17] *See, e.g.*, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345-46 (1999) ("In each of those categories, the defendant's removal period will be no less than 30 days from service, and in some of the categories, it will be more than 30 days from service, *depending on when the complaint is received*." (emphasis added)); *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1057 (2019) (analogizing to the contracts concept of the mailbox rule, which requires the mailing be "properly addressed," when analyzing 28 U.S.C. § 1608's use of the word "addressed" (quoting Restatement (Second) of Contracts § 66 (Am. L. Inst. 1979))); *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros.*, 526 U.S. at 347-48) (discussing that "a defendant may remove a case that is not initially removable within 30 days *of receipt through service*" and then, *in this context*, that the "statutes clearly provide that a defendant's right to removal runs from the date on which it is formally served with process" (emphasis added)).

[18] Fed. R. Bankr. P. 9027(a)(3).

[19] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

No. 22-10310

c/w No. 22-10318

bankruptcy court dismissed the case because it found that the *Barton*[20] doctrine applied and that the Removing Defendants had immunity.[21]  The district court affirmed the bankruptcy court's dismissal order.

Foster alleges that (1) the bankruptcy court did not have subject matter jurisdiction to dismiss the case, (2) the bankruptcy court misapplied the *Barton* doctrine by not recognizing that her complaint claims that the defendants acted ultra vires, and (3) the Removing Defendants were not entitled to immunity.  "This court reviews a . . . court's dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[22]  "To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face."[23]  "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[24]

First, as described in Section II, the bankruptcy court had subject matter jurisdiction over this action.

Second, based on the arguments raised by Foster, the bankruptcy court did not misapply the *Barton* doctrine.  Under that doctrine, before a

---

[20] *Barton v. Barbour*, 104 U.S. 126 (1881).

[21] *See Villegas v. Schmidt*, 788 F.3d 156, 157-59 (5th Cir. 2015) (analyzing applicability of *Barton* doctrine in the context of a Rule 12(b)(6) motion to dismiss).

[22] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[23] *In re Ondova Ltd. Co.*, 914 F.3d 990, 992-93 (5th Cir. 2019) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[24] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey*, 540 F.3d at 338).

plaintiff can sue a bankruptcy trustee, or a court-approved professional employed by a bankruptcy trustee such as counsel for the trustee, in a forum other than the appointing court, leave of the appointing court must be obtained.[25] However, the *Barton* doctrine does not apply to ultra vires acts.[26] Acts are ultra vires if they are "outside the scope of [the person's official] duties."[27] For example, an act is ultra vires if the trustee wrongfully or mistakenly "takes possession of property belonging to another."[28] In such a case, the person whose property is taken may bring suit against the trustee personally without seeking leave of the appointing court.[29] Although this court has not yet addressed the breadth of the ultra vires exception to the *Barton* doctrine, other circuits have applied the exception narrowly and only "to the actual wrongful seizure of property by a trustee."[30] Further, an

---

[25] *See In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 439 (5th Cir. 2022) ("Under the '*Barton* doctrine,' the bankruptcy court may require a party to 'obtain leave of the bankruptcy court before initiating an action in district court when the action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity.'" (quoting *Villegas*, 788 F.3d at 159)); *Carroll v. Abide*, 788 F.3d 502, 505 (5th Cir. 2015); *see also In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993) ("[A]s a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee, where . . . they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets. . . . The protection that the leave requirement affords the Trustee and the estate would be meaningless if it could be avoided by simply suing the Trustee's attorneys.").

[26] *See Barton v. Barbour*, 104 U.S. 126, 134 (1881).

[27] *In re Ondova Ltd. Co.*, 914 F.3d at 993; *see also Barton*, 104 U.S. at 134 (distinguishing ultra vires exception from cases in which claims arise against a trustee "whilst acting under the powers conferred on him").

[28] *See Barton*, 104 U.S. at 134.

[29] *See id.*

[30] *In re McKenzie*, 716 F.3d 404, 415 (6th Cir. 2013); *see also Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967) ("[A] trustee wrongfully possessing property which is not an asset of the estate may be sued for damages arising out of his illegal occupation in a state court without leave of his appointing court.").

unpublished Tenth Circuit case limits the exception to claims by independent third parties.[31]  Finally, as the Tenth Circuit has noted, "claims based on acts that are related to the official duties of the trustee are barred by the *Barton* doctrine even if the debtor alleges such acts were taken with improper motives."[32]

Although Foster failed to request the bankruptcy court's permission to sue the Trustee and counsel for the Trustee in state court, she argues that the *Barton* doctrine does not apply because the Removing Defendants acted ultra vires.  However, as the bankruptcy court and district court recognized, her complaint never includes the phrase "ultra vires" and her complaint highlights that all alleged acts by the Removing Defendants occurred in their official capacity.  Although Foster argues that the sale of the Properties was unnecessary due to the quantity of available cash to pay debts, she also admits in her complaint that the funds were used to pay the Trustee's compensation and Trustee's counsel's compensation.  Further, her complaint asks the court to take judicial notice of her amended schedules, which show that Foster herself included the Properties within her bankruptcy estate.  Additionally, Foster quotes in her complaint the bankruptcy judge's statement that the bankruptcy case proceeded under the belief that these assets were part of the bankruptcy estate and that the Trustee pursued the assets, in part, on behalf of Foster.  Finally, Foster's complaint illustrates that her claims arise from actions that the Trustee and her counsel took in accordance with orders from the bankruptcy court.

---

[31] *Teton Millwork Sales v. Schlossberg*, 311 F. App'x 145, 148-49 (10th Cir. 2009) (unpublished).

[32] *Satterfield v. Malloy*, 700 F.3d 1231, 1236 (10th Cir. 2012).

No. 22-10310
c/w No. 22-10318

The Trustee and her counsel did not plausibly act "outside the scope of their duties" in seeking compensation for their work from assets that Foster claimed were part of her bankruptcy estate.  Similarly, they did not plausibly wrongfully take property belonging to another by pursuing and selling assets with permission from the bankruptcy court, especially given that Foster claimed the Properties as part of her bankruptcy estate.  While this may have been a closer case had the claim been brought by an independent third party or had the Trustee not acted pursuant to court orders, we need not address such a scenario here.  Foster's complaint falls short of plausibly demonstrating that the Removing Defendants acted ultra vires.

The bankruptcy court did not err in dismissing Foster's complaint. Because the *Barton* doctrine applies to this action, this court need not address Foster's argument that the Removing Defendants were not entitled to immunity.

*    *    *

The judgment of the district court is AFFIRMED.